CONSAUL & BARBER, Garnishees of JENKINS, v. LIDELL.

A motion for a new trial was argued by briefs in writing before the
    Judge of the St. Louis circuit court, whose commission expired be-
    fore the motion was decided, or a bill of exceptions signed. A bill
    of exceptions was presented to his successor, with the affidavits of
    the witnesses sworn and examined on the trial, stating the testimo-
    ny given by them respectively. The latter judge signed the bill of
    exceptions, and afterwards refused, on the motion of the opposite
    party, to strike the bill from the record. Held, that the latter
    judge had no right to sign the bill of exceptions without the con-
    sent of the opposite party, as the statute requires that exceptions
    to the opinion of the court shall be taken in the progress of the trial.
    (R. C. 1835, title "Practice at Law," art. 4, sect. 20, p. 464.)

Appeal from the St. Louis Circuit Court.

SEPT'R TERM, 1841.

Consaul and others
v.
Lidell.

*Hamilton for Appellants.*

1st. We hold that the circuit court had jurisdiction of the motion for a new trial, and was competent to grant or refuse it, that it was constrained to do one or the other of these two things. Here then was a function without any specific legal remedy. The court was right in coming at the difficulty in some way that justice might be done. All that could reasonably be required was that it should conform its proceedings to peculiar exigencies and circumstances of the case. This was done. The appellee not agreeing with the garnishees as to the evidence presented by them, to remove all doubts the court resorted to the witnesses, whose testimony was spread upon the record, to enable it to pronounce its judgment upon the motion. Tidds' practice, 914 It is admitted that the more appropriate remedy would have been to permit the facts of the case to be found by a jury upon a *venire de novo*, and if it be insisted that the facts do not appear, or are not legally upon the record, inasmuch as the garnishees were not guilty of such fault as amounted to negligence, this court will remand the cause for a new trial, rather than suffer the rights of the garnishees to be prejudiced by a mere interregnum of the court below. 1 Randolph, 461, and cases there cited ; 7 Cowen, 103. But here was an appeal to the equitable powers of the court, for summary relief, and its action is not the subject of a bill of exceptions, 1 Binney, 222 ; 12 Johnson, 31 ; 3 Green, 377; and cases there cited ; 6 Mo. Reports, 208. At common law there was no bill of exceptions ; it was first introduced by the statute of Weston 2, (13 Edw.) which appoints no time within which the bill must be drawn up and signed. Tidd's practice, 863. Our act in express terms requires the exception to be taken during the progress of the trial. The construction given to the statute of Weston, amounts to the same thing. 1 Salk. 288. But though generally taken during the trial, the bill may afterwards be put into form and signed. Tidd's practice, 863 ; 9 Wheaton, 657–8. The irregularity, if any, in the proceedings of the court below,

was there waived by the appellee. It is also waived here. After an unsuccessful motion to strike out the bill of exceptions, both parties argued the motion of a new trial; upon the facts then spread upon the record. The appellee is therefore estopped from denying that the facts spread upon the record are legally there; he there adopted them, and admits them here, and puts himself upon the law of his case. 3 Green, 144, and cases cited. At all events this court is authorised in regarding that part of the case which applies to the instructions refused and given, as disclosed by the bill of exceptions. 11 Wend. 431, 439. The bill of exceptions having been filed in the court below, and returned here under the seal of the court to which the writ of error is directed, has itself become a record, and cannot now as such be disputed. Besides, this court has already manifested a disinclination to interfere with the manner in which the circuit court may choose to make up its own records. 6 Mo. R. 572.

*Skinkers for Appellee.*

The appellee moves to set aside the bill of exceptions, or strike it from the records, for the following reasons :

1st. Because the bill was not presented for *signature in the progress* of the trial, or some note in writing made of the facts by the presiding judge, or by the counsel for the appellants, and submitted to him for correction at that time. On this point see Revised Statutes of Mo. p. 464, sec. 20, 21; 9 Wheaton, 651 ; 4 Peters, 107; 1 Salk. 288 ; Middleburg v. Collins, 9 J. R. 346; 3 Cow. 33.

2d. Because the bill was signed by Judge Mullanphy, who did not preside, and not by Judge Lawless, who did preside on the trial of the cause. R. St. of Mo. page 464, sec. 21, 22 ; 3 Cow. 33; 4 Peters, 107; 9 J. R. 346.

3d. Because if Judge Mullanphy were competent to sign the bill, he could do so only upon a re-examination of all the witnesses, who testified upon the trial, in the presence of both parties, and not upon the affidavits of the witnesses taken by the appellants, without notice before justices of the peace.

4th. Because if it were admissible to receive such affida- vits so taken, yet the affidavits of all the witnesses should have been, but were not taken.

5th. Because in some instances the affidavits of persons other than the witnesses who testified were taken, as to the evidence of those witnesses upon the trial, and no reason assigned for the failure to take the affidavits of the witnesses themselves. 1 Stark. Ev. 158.

6th. Because these last mentioned deponents did not repeat the words of the witnesses, whose evidence they proved, but merely swore to their substance or effect. 1 Phill. Ev. 274; 4 T. R. 290.

7th. Because they did not swear with precision and positively as to such evidence, but vaguely and according to their belief.

8th. Because the bill of exceptions was improvidently executed; was irregular and against law.

9th. Because the bill of exceptions does not state that all of the evidence given on the trial was contained in the bill. 5 Mo. Rep. 529; 2 Mo. R. 190; Digest, 464, sec. 20-1-2; 4 Peters, 107, ex parte Bradstreet; 9 Johnson, 346, Medberry v. Collins, &c.; 3 Cowen, 32, Campbell v. Shult.

*Opinion of the Court by Tompkins, Judge.*

This was a suit commenced by Jenkins against Lidell, in the circuit court, in which judgment was rendered for Jenkins.

Jenkins moved the court to strike from "the record in this cause a bill of exceptions signed by the court for the garnishees, Robert Barbour and Joseph Consaul, as irregularly signed and made a part of the record. This motion was overruled by the court, and the decision of the court overruling such motion was excepted to.

The judge of the circuit court has made a statement of the case, of which a copy will be taken, as better calculated to explain the case than any statement that I, perhaps, could make; it is as follows:

SEP'R TERM,    Be it remembered, that this case was tried on the ——
   1841.      day of ——, of this year, (1841,) and the motion for a
Consaul and new trial was argued by briefs in writing before the former
   others    judge of this court, whose commission expired before he
     v.
   Liddell.  decided the motion, or signed the bill of exceptions; and
this bill of exceptions is now presented to the court, with
the affidavits of all the witnesses sworn upon the trial, ex-
cept one, stating what was the testimony given upon the
trial; and as to that one whose affidavit is not presented,
the affidavit of counsel is presented, showing what was his
testimony; and the present judge of this court knowing
nothing personally of the evidence given on the trial, or of
the proceedings therein, receives the said affidavits to show
the facts stated in this bill of exceptions, as the plaintiff does
not agree with the garnishees upon the evidence given on
the trial, and objects to the judge signing a bill of excep-
tions in this case upon the affidavits filed, which objections
the court overrules, and, at the prayer of the garnishees,
signs this bill of exceptions for the garnishees, and orders
that the same may be made a part of the record.

The act regulating practice at law, provides that " when-
ever in the progress of any trial in any civil suit depending
in any court of record, either party shall except to the opin-
ion of the court, and shall write his exception, and pray the
court to sign the same, the person or persons composing the
court, or the major part of them, shall, if such bill be true,
sign the same; and if they refuse to sign the same on ac-
count that it is untrue, they shall certify thereon, under
their hands, the cause of such refusal." See 20th section of
4th article, page 464, of the digest of 1835.

This section evidently contemplates the exception being
A motion taken during the trial of the cause, and signed by the court
for a new trial
was argued during such trial, or at least that the exceptions should be
by briefs in allowed during the trial. The 22d section of the same arti-
writing be-
fore the judge cle contains the only intimation of a case in which time is
of the St.
Louis circuit given; that is, when the judges shall have refused to permit
court, whose any bill of exceptions, signed by by-standers, to be filed,
commission
expired before and shall have certified that it is untrue, either party is al-
the motion
was decided, lowed five days to take affidavits in relation to its truth.

The statute of Westminster, giving bills of exceptions in England, is different from ours, and the English writers say that although no time be appointed by this act, when the justices shall put their seals, the party must pray the same before judgment; but if they deny it, then may they be commanded, after judgment, to put their seals, and the putting of their seals after judgment, shall be sufficient. 2d Bacon, 780; title, bill of exceptions. The same article continues, "where a corporation book was offered in evidence to prove a member of the corporation not in possession and refused, and no bill of exceptions was then tendered, nor was the exception then reduced to writing, and the trial proceeded and a verdict was given for the plaintiff; the court being moved for a bill of exceptions at next term, it was urged for the bill, that the law requires, *quod proponat exceptionem suam*, and no time is appointed for reducing it to writing, and a party is not grieved till a verdict is given against him; and the same memory that serves the judges for a new trial will serve for a bill of exceptions. On the other side, it was said that this practice would prove a great difficulty to judges, ond delay of justice; that the precedents and entries suppose the exception to be written down upon its being disallowed, and the statute ought to be construed so as to prevent inconvenience; besides the words of the act are in the present time, and, so is the writ formed on the act. Holt, Chief Justice: If this practice should prevail, the judge would be in a strange condition; he forgets the exception and refuses to sign the bill; you should have insisted on your exception at the trial. The statute indeed appoints no time; but the nature and reason of the thing requires the exception should be reduced to writing, when taken and disallowed; not that they need be drawn up in form, but the substance must be reduced to writing whilst the thing is transacting, because it becomes a record. So the motion was denied.

This is the construction given to the English statute, where confessedly the statute fixes no time. But our statute indicates in the strongest terms, that the exceptions shall be reduced to writing, and signed during the trial.

---

SEPT'R TERM, 1841.

Consaul and others v. Lidell.

or a bill of exceptions was presented to his successor, with the affidavits of the witnesses sworn and examined on the trial, stating the testimony given by them respectively. The latter judge signed the bill of exceptions, and afterwards refused, on the motion of the opposite party, to strike the bill from the record. Held, that the latter judge had no right to sign the bill of exceptions without the consent of the opposite party, as the statute requires that exceptions to the opinion of the court shall be taken in the progress of the trial. (R. C. 1835, title "Practice at Law," art. 4, sect. 20, p. 464.)

The cases of Shepherd & Storrs, and of Campbell v. Schult, 3d Cowen, 32, show that the supreme court, New York, have held that exceptions ought to be written down at the time they are taken; and that even when exceptions were mentioned on the trial, and one or more of the judges intimated that this would be sufficient, the bill was not allowed. The court further says, "the exceptions should have been reduced to writing at the trial or during the term. To the same purpose see Medberry v. Collins and Mead, 9th Johnson, 346; also ex parte Bradstreet, 4th Peters, 107; where Chief Justice Marshall says that the law requires that a bill of exceptions shall be presented at the trial. But the usual practice is to request the judge to note down in writing the exceptions, and afterwards during the session of the court to hand him the bill of exceptions, and submit it to his correction from his notes." Had the late judge taken notes of the evidence, and after he was out of commission signed a bill of exceptions, this, according to an intimation of the court of New York in the cases above cited, would have been good. But I have always believed that under our law the bill of exceptions ought to be presented for signature during the trial, unless dispensed with by consent of parties. But we see here not a bill of exceptions made out from the notes and recollection of a judge, but some days after the trial, witnesses are called up to tell what they had before stated, after parties had had an opportunity to tamper with them; which is, in my opinion, much more exceptionable than for a judge to sign a bill of exceptions at a subsequent term.

But it is said that it is a hard case that the party should, by the act of the law for which he is in no way accountable, lose his right. To this, then, there is an obvious answer. that this court may, when the law permits, give it that construction which is best calculated to advance the interest of parties. But here the parties have taken a liberty in which even the English law, much less strictly worded than ours, was not, as has been shown, construed to indulge suitors, and now they seem to expect to be aided by judicial legis-legislation. Whenever, in the progress of any trial, (says

the 20th section above quoted,) in any civil suit in any court
of record, either party shall except to the opinion of the
court, and shall write his exception, and pray the court to
allow and sign the same, &c.    Can any man read this and
think that he can, consistently with these words, put off this
business till another day?  It is impossible.  But we are
told it is very inconvenient to comply with this law.  This,
however, has long been the law, and its meaning is obvious
enough.    Why, if it be so inconvenient to observe it, has
not the legislature been applied to for an amendment?  No
better law could be made.   The English law was more loose-
ly worded, yet the English courts have uniformly said that
the bills ought to be presented during the trial, but parties
were indulged during the term and no longer.  If parties
choose to risk more than the law allows them, and any un-
foreseen accident occur, either by the act of God or of the
law, they must take to themselves the consequences of their
rashness, and not look to this court so to construe the law
that they may suffer no evil from the consequences of their
carelessness.    It certainly greatly expedites business to
write out bills of exceptions *at leisure,* during term time ;
but who that has the least experience does not see that even
this indulgence requires great kindness and candor on the
part of the counsel and their clients?  Each is apt to recol-
lect most conveniently for his own interest, and who can
say that the judge is authorised to decide betwixt them,
when the statute provides for the possibility of a difference
in opinion about facts between the judge and a party, and
gives such party, too, an opportunity to contradict, and even
disprove, if he can, the correctness of a judges statement of
the facts testified to?  If any truth be plain and obvious it
is this, that he who defers till another time to do what he
ought to do at the present time, must take to himself all the
consequences of his negligence.    The law allows them to
take their exceptions in the progress of the trial, and the
court is required to sign the bill of exceptions when pre-
sented.    They have elected to do otherwise ; and by the
act of the law, being deprived of the aid of the judge, who
might have relieved them from their embarrassment, they

SEPT'R TERM, come here to establish by affidavits of witnesses what it was
1841.          their duty to have taken down at the trial, and to have re-
Consaul and quired the judge to certify to be true. On these terms alone
others         was the testimony of these witnesses to be spread on the
v.             record of the circuit court, and it is in vain that we are
Lidell.        asked if the statement of the witnesses on oath is not as
good evidence of what he swore to, as the certificate of the
judge of the court.

Grant that never a dishonest man was sworn in a court
house, and that all suitors are too honest to tamper with
witnesses; and moreover grant that all witnesses are too
wise and too honest to suffer themselves to be tampered
with, still this court has no authority to substitute such evi-
eence for that required by the law. And whence, it may
be demanded, does the clerk of the circuit court, or any
other officer, derive his authority to administer an oath to a
witness to re-state what he had before sworn to on the
trial of the cause. The whole business was, in my opinion,
*coram non judici*, and, consequently, there can be no bill of
exceptions in the cause. The motion, then, to strike out
the bill of exceptions, is sustained.

*Scott, Judge.*

As the judge below signed the bill of exceptions under
such circumstances as would have prevented this court from
compelling him to do so by mandamus, I concur in sustain-
ing the motion to strike the bill of exceptions from the re-
cord. See 3d Cowan, 32.