JOHN D. CRANOR, Respondent, v. SCHOOL DISTRICT No. 2, ETC., OF GENTRY COUNTY, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. PRACTICE—BILL OF EXCEPTIONS, HOW SIGNED.—The bill of exceptions can only be signed by the judge who tried the case. The statute contemplates that the matter of exceptions comes under the personal observation of the trial judge, and that the error is called to his attention at the time, and the exception then and there taken. *Consaul v. Liddell*, 7 Mo. 250.

2. ———— AT WHAT TERM BILL EXCEPTIONS SIGNED.—The bill of exceptions must be signed at the same term the motion for new trial is overruled; the language of the statute is explicit to this effect. But parties may, by consent, with the concurrence of the court, file such bills in vacation; and if the motion for new trial is not ruled upon at the term of trial, the bill of exceptions may be filed at the term when such motion is disposed of. But a motion in arrest of judgment would not have the effect to carry over to a succeeding term (since it goes to the record alone) where the motion for new trial was disposed of at the trial term.

APPEAL from Gentry Circuit Court, HON. JOHN C. HOWELL, J.

*Affirmed.*

The case is sufficiently stated in the opinion of the court. The court refused to look beyond the record proper, there being no proper bill of exceptions preserved at the trial.

B. F. LUCAS, for the appellant.

I.   The court erred in rejecting the evidence offered by defendant in support of defence set up in answer; and also in instructing that *under the pleadings* the plaintiff must recover; and also in overruling motion for new trial, and in arrest of judgment. The relation between a school district and teacher is that of employer and employe; and the district, by its officers, has the same power to discharge him that a merchant has to discharge a clerk. It is not necessary that charges be preferred against him, or that a trial be had before board of directors. *McCutchen v. Winslow,* 55 Mo. 149; *State ex rel. Bomefield v. Kupfurle,* 44 Mo. 154.

II.   The court erred in instructing the jury that under the pleadings the plaintiff must recover. In our opinion, the pleadings show a good defence to plaintiff's action.

III.   The court erred in refusing to set aside the verdict and grant a new trial.

IV.   The court erred in overruling motion in arrest of judgment, and in entering final judgment for plaintiff. The answer, upon its face, set out a good defence, and the action of the court, as to both, was unwarranted. The answer admits employment of plaintiff as teacher, but avers he was discharged for just cause, as for cruel and barbarous treatment of scholars, irregularity in attendance, using abusive language to scholars; and that he was paid for his services up to the time of his discharge.

H. C. McDOUGAL and CHAS. O. PATTON, for the respondent.

I. The only questions properly before the court are those arising upon the face of the record proper. No exceptions were filed to the overruling of the motion for new trial at the trial term. Having failed to except at that term, it could not be done at next term, on the overruling of motion in arrest of judgment. *Clark v. Bullock*, 65 Mo. 535; *State v. Duckworth*, 68 Mo. 156; *State v. Ware*, 69 Mo. 332. The doctrine that the *continuance* of a motion for *new trial* carries over with it until it is disposed of in the bill of exceptions, does not avail the defendant here. *Henze v. R. R.*, 71 Mo. 633.

II. But upon the facts and law of the case, the same points involved here, and substantially the same issues, have been recently decided adversely to defendant by the supreme court of this state. *Arnold v. School Dist.*, 78 Mo. 226.

III. There is no analogy between this and the ordinary contract between employer and employe. There the authority of the employer is ample and unquestioned. Here the statute simply gave the district board the power to *employ;* but not only gave it *no power to dismiss*, but lodged that power elsewhere—in the *commissioner*. Boards of education have only the powers conferred upon them by statute. *The Ind. School Dist. Case*, 33 Pa. St. 298, and cases cited; *Dist. v. Dist. Burr Oak*, 34 Iowa 306; *Ohio v. Treas., etc.*, 22 Ohio St. 144; *Sherlock v. Winnetka*, 68 Ill. 530.

IV. The board could not impair the obligation of their own contract. Cooley's Constl. Lim. (3d Ed.) 362, and cases cited.

Opinion by PHILIPS, P. J.

The appellant (defendant below) seeks a reversal of the judgment of the circuit court on the ground of alleged error in excluding certain evidence offered by defendant on the trial of this case. As this alleged error occurred in the progress of the trial, the only way the matter can be brought to the attention of this court for review is by a bill of exceptions, in which such occurrences must be preserved.

The record shows that this case was tried at the September term, 1881, of the court, before the Hon. John H. Shanklin, as special judge. The motion for new trial was filed by defendant, and was overruled by the court, at said September term. A motion in arrest of judgment was also filed by defendant at that term; but this motion was not passed upon until the succeeding term of court, in March, 1882, when it was overruled. Thereafter the bill of exceptions was presented and signed. But the record shows that it was signed by John C. Howell, judge of the Gentry county circuit court.

The bill of exceptions could only be signed by the judge who tried the case, and he was John H. Shanklin. How could Judge Howell certify that certain evidence was offered and excluded at the trial, when he was constructively absent? The statute contemplates that the matter of exceptions comes under the personal observation of the trial judge, and that the error is called to his attention at the time, and the exception then and there taken. Judge Scott, in *Consaul v. Liddell* (7 Mo. 250-258), aptly stated the test as to what judge should sign the bill of exceptions, in his supplemental concurring opinion, thus: "As the judge below signed the bill of exceptions under such circumstances as would have prevented this court from compelling him to do so by mandamus, I concur," etc.

I am also of opinion that the bill of exceptions should have been signed at the same term the motion for new trial was overruled. The language of the statute is explicit enough to indicate that this was intended by the legislature. But the supreme court, by judicial construction, extended its operation so as to permit parties, by consent, with the concurrence of the court, to file such bills in vacation. Then the court went further and held that where the motion for new trial was filed timely at the term the case was tried, but went over to the succeeding term for final disposition, the bill of exceptions might be filed at that term, after the motion was overruled. But the supreme court have never held that a motion in arrest of judgment, which goes to the record alone, and

not errors arising in the progress of the trial, would have the effect to carry over to a succeeding term, where the motion for new trial had been disposed of at the trial term, the right to make out the bill of exceptions as to matters occurring in *pais*. We think the statute has been extended quite far enough, and we are unwilling to go yet a step further in what we conceive to be a mischievous direction.

As we discover no errors in the record proper, the judgment of the circuit court must be affirmed. All concur.