The State ex rel. Sansone v. Wofford.

THE STATE *ex rel.* SANSONE v. WOFFORD, *Judge.*

Divison Two, October 4, 1892.

1. **Criminal Practice**: SIGNING BILL OF EXCEPTIONS: DISQUALIFICATION OF JUDGE. An attorney in a criminal case who succeeded to the office of judge of the court after the trial and before the settling of the bill of exceptions is not comp tent to pass on the bill. (Revised Statutes, 1889, secs. 2171, 3247.)

2. ———: ———: ———: SPECIAL JUDGE. Where, upon the death of the judge who tried a criminal case, his successor in office is disqualified to settle a bill of exceptions therein, the statute authorizes the election of a special judge therefor. (Revised Statutes, 1889, secs. 4174–6.)

3. ———: ———: ———: ——. Such special judge is the direct successor of the regular judge before whom part of the trial had already occurred and takes up the case at the point where it was discontinued by such regular judge.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Boland & O'Grady, S. W. McCaslin* and *C. H. Nearing* for relator.

(1) The signing and allowing of a bill of exceptions is a judicial act in the hearing and trying of a case, for the doing of which a judge is disqualified, when he shall have been of counsel in a cause, under section 4174, as well as under the common-law maxim: "No one should be judge in his own cause." *Consaul v. Lidell,* 7 Mo. 250; *Cranor v. School Dist.,* 18 Mo. App. 397; *Connelly v. Leslie,* 28 Mo. App. 551; *Waterman v. Morgan,* 16 N. E. Rep. (Ind.) 590; *Smith v. Baugh,* 32 Ind. 163; *Frevert v. Swift,* 21 Pac. Rep. (Nev.) 273; *Oakley v. Aspinwall,* 3 N. Y. 574; Freeman on Judgments, sec. 146. (2) Under the general rule, only the judge who presided at the trial could sign and allow a bill of exceptions, for the reason that it was the judicial determination of matters within the personal knowledge of the judge. This was the rule in Missouri down to the time of the adoption of the new section 2171, Revised Statutes, 1889. *Perkins v. Bakrow,* 39 Mo. App. 331; *Law v. Jackson,* 8 Cow. (N. Y.) 746; 12 American & English Encyclopedia of Law, pp. 11, 12. Section 2171, Revised Statutes, 1889, changes this rule in the one particular mentioned therein. It does not enable the judge disqualified under section 4174 to sign or allow a bill of exceptions or to do any other judicial act therein merely because he is the successor to the original judge. Neither Judge WOFFORD nor a

special judge elected under the provisions of the statute is a competent person to sign the bill of exceptions, and the writ of *mandamus* should, direct the order for the election of a special judge to grant a new trial to defendant and to conduct such new trial.

*John W. Wofford* for respondent.

MACFARLANE, J. — Relator, Tony Sansone, was indicted, tried and convicted of murder, in the criminal court of Jackson county, before Judge WHITE, who was the judge of said court. A motion for a new trial was filed and overruled, after which, and before the end of the term, and before the bill of exceptions in the case had been allowed, Judge WHITE died. The defendant WOFFORD, who had acted as attorney for relator throughout the trial, was appointed judge of said criminal court; at the same term of court at which the trial was had, defendant made application to the court for the election of a special judge to settle and allow a bill of exceptions. The request was made on the ground that the judge of the court was disqualified by reason of having been counsel for defendant. This application was by the court overruled.

This proceeding is by *mandamus* to compel the judge of said court to make an order for the election of a special judge for the purposes claimed. The facts are undisputed.

I. The construction of section 2171 is involved in the decision of this case. The section is as follows: "In any case where the judge who heard the cause shall go out of office before signing the bill of exceptions, such bill, if agreed to be true by the parties to the action, or their attorneys, or shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard."

The first question for consideration is whether the present judge of the criminal court of Jackson county, who was an attorney for defendant throughout the proceeding had before Judge WHITE, was authorized under said section to approve and sign the bill of exceptions.

It is a maxim of common law, the wisdom and propriety of which will not be questioned, that "no one should be a judge in his own cause." Provision has always been made, in case of the disqualification of a judge to sit, in any case, by reason of his interest therein, to supply a substitute to hear and determine the case. This interest which disqualifies a judge is always made to include that which an attorney had in a case in which he has professionally acted. Our statute, following this rule, declares that no judge "who shall have been counsel in any suit or proceeding pending before him, shall, without the express consent of the parties thereto, sit on the trial or determination thereof." Sec. 3247.

We think also that the interest which precludes one from acting as judge in a case, and passing upon the issues therein, would likewise, and for the same reason, forbid his approval and signing of the bill of exceptions. The case is tried in the appellate court frequently upon the facts contained in the bill of exceptions alone, and a final judgment rendered in that court. It is manifest that no part of the proceeding in a case more imperatively demands fair, unprejudiced and impartial action than that of settling and allowing the bill of exceptions. The other proceedings, in the progress of the case, are subject to review in the appellate courts, but usually the bill of exceptions settles finally and conclusively the facts and issues of law, upon which the judgment of the appellate court is to

VOL. 111—34

rest.  And we do not hesitate in the conclusion that the judge of the court was not competent to pass upon the bill of exceptions.

II.  It is insisted by defendant that the law does not authorize the election of a special judge for the sole purpose of allowing and signing a bill of exceptions, but that it must be for the entire trial and hearing of the case.

Section 4175 provides for the election of a special judge.  "When any indictment or criminal prosecution shall be pending in any circuit or criminal court, and the judge of such court shall be deemed incompetent to *hear* and *try* said cause."

The authority given to such judge is contained in section 4176 of the statute which provides that "such special judge shall possess during such *trial* or *hearing*, and in relation thereto only, all the powers, perform the duties, and be subject to the same restrictions as the judge of said court, but shall have no power whatever in any other cause than the one specified in the order of record; and, upon the conclusion of the *trial* of said cause in said circuit or criminal court, his powers and duties as such special judge shall instantly cease and determine."

Construing these provisions of the statute together, we think there is no doubt that the trial of the case was intended to include every judicial step of the proceeding taken therein, from the election of the special judge to and including the final determination of the case. if the trial is to be limited to the popular idea of impaneling the jury, hearing the evidence, instructing the jury receiving the verdict and entering judgment, then the statute would fall far short of the objects intended to be accomplished by it.  One on trial would also be deprived of some of the proceedings which most vitally affected his rights.

The current of decisions of this court shows that the right of the special judge to hear and determine all motions, grant appeals, sign bills of exceptions, and in general to make all orders and hear all matters that come before it in the trial and disposition of such case has always been recognized. *State v. Davidson*, 69 Mo. 509; *State v. Sneed*, 91 Mo. 552; *State v. Bulling*, 105 Mo. 204.

These views are not in conflict with the decisions in *State v. Shea*, 95 Mo. 85. In that case "the trial was over; all the usual intermediate steps which precede the judgment had been taken." Nothing remained but the formal entry of the judgment. There was no need for a special judge, or a judge of another circuit to simply order the formal entry of a judgment and pass sentence; "these formalities were unchangeable." On the other hand in respect to signing bills of exceptions it has been uniformly held prior to this statute that this could only be done by the judge who tried the case. *Consaul v. Lidell*, 7 Mo. 250; *Klotz v. Perteet*, 101 Mo. 213; *Connelly v. Leslie*, 28 Mo. App. 551. Indeed, it is quite evident that this statute was passed to remedy a supposed defect in the law which made the validity of a bill of exceptions depend upon being signed by the judge who had heard the trial.

If, under the authority of these sections, the special judge has the right, and it is his duty to allow and sign bills of exceptions, that duty would be a part of, and included in, the trial or hearing of an indictment or criminal prosecution pending, and is expressly authorized. We think that when any part of a proceeding, which requires judicial action, remains to be done, and the judge of the court is disqualified, the right under the statutes to have a special judge selected, who will be unprejudiced and impartial is unquestionably given.

This brings us to the inquiry whether the special judge, within the intent and meaning of this statute, would be the successor of the regular judge before whom part of the trial had already taken place.

The object of the statute was evidently twofold: *First*, to secure to the party his right to a bill of exceptions; and, *second*, to avoid the expense and delay of another trial, which might be necessary in order to prevent injustice. Under the former judge the trial and proceedings had progressed to a certain point, and were there interrupted by his death. His successor in office was disqualified to proceed in the determination of this particular case. Being disqualified he had no authority to take any action other than ordering an election. The proceedings of the special judge were taken up at the very point at which they were laid down by the former judge; he thus became the direct and immediate successor within the letter as well as the spirit of the law. This, we think, a fair and reasonable construction of the statute; and one which will carry out the purposes of the legislature in enacting it.

The objection that the special judge was not conversant with the proceedings and rulings of his predecessor, and was not advised of the exceptions taken and saved in any step of the proceeding, applies with equal force to the successor in the office of judge. Unless the bill be agreed to be true by the parties to the action, or their attorneys, the judge allowing it must be satisfied that it is correct. His successor would meet with difficulties, it is true, in settling a bill of exceptions which would not be encountered by one before whom the exceptions or proceedings were had; but this is no reason for disregarding the law. The judge must satisfy himself of the correctness of the bill before he allows it. The writ will be made peremptory. All concur.