THE STATE *ex rel.* BROWN v. WALLS, *Special Judge.*

Division Two, December 19, 1892.

1. **Criminal Law**: DEATH OF JUDGE: SUCCESSOR: NEW TRIAL. Where a judge who has tried a criminal case dies, after having overruled the motion for a new trial, but before settling the bill of exceptions, his successor has no authority at a subsequent term to grant the defendant a new trial.

2. ———: ———: ———: BILL OF EXCEPTIONS. Such successor can, under Revised Statutes, 1889, section 2171, sign the bill of exceptions and thus permit the defendant to have the case reviewed on appeal.

3. **Prohibition**: NEW TRIAL: JURISDICTION. Prohibition will lie to prevent a judge from granting a new trial after the expiration of the proper term, since such act is not merely erroneous but is void for want of jurisdiction.

*Prohibition.*

WRIT AWARDED.

*J. J. Williams* for relator.

*John O' Grady* for respondent.

, THOMAS, J.—This is an application by relator for a writ of prohibition to prevent respondent from granting a new trial in the case of the *State v. Antone Sansone,* and from trying the case again.

It appears that Sansone, having been found guilty by a jury, of murder of the second degree at the January term for 1892 of the criminal court of Jackson county, filed his motion for new trial, which was continued till the April term of that court.   On the nineteenth day of July, it still being the April term, the motion for new trial was overruled, and Sansone was duly sentenced to imprisonment in the penitentiary. Court then adjourned to the twenty-ninth day of July, and in the meantime Hon. H. P. White, the judge of said court, died, and John W. Wofford, who had been Sansone's attorney, was appointed as Judge White's successor.   On August 12, Sansone filed an affidavit and application for appeal, and by his consent the time for filing a bill of exceptions was extended first to the twentieth and then to the twenty-fifth day .of August, at which last date he filed a motion for the election of a special judge to pass on his application for an appeal and on his bill of exceptions, which was overruled and by his consent the time for filing his bill of exceptions was again extended to the third day of September, on which day the court granted him an appeal and extended the time for filing the bill of exceptions for sixty days, to which he excepted.   The court then adjourned for the term.

Afterwards Sansone applied to this court for a *mandamus* to compel Judge Wofford to order the election of a special judge to pass on his bill of exceptions, which was granted on the fourth day of October. The opinion rendered in that proceeding, which was entitled *State ex rel. Sansone v. Wofford*, will be found in 111 Mo. 526.   In compliance with the ruling of the court in that proceeding, Judge Wofford, on the twenty-sixth day of October, ordered the election of a special judge "to take up and dispose of said cause according to law," and on the twenty-ninth day of

that month respondent was duly elected such special judge, and he set the case for November 19, at which latter date Sansone filed another motion for new trial, setting up as grounds therefor errors alleged to have been committed by the court, while Judge White presided, and in addition thereto the inability of the special judge to settle and pass upon a bill of exceptions. This motion was sustained, and a new trial granted against the objection of the prosecuting attorney, who now seeks by this proceeding to prohibit respondent from retrying the case.

Respondent in his return to the provisional writ of prohibition, among other things states that Sansone, in March, 1892, filed a motion to strike from the files of the case an exhibit accompanying counter-affidavits presented by the prosecuting attorney in relation to the motion for new trial, which the court never disposed of, and, in support of the jurisdiction which he assumed to exercise in granting a new trial and which he claims he possesses to retry the case, he states "that no bill of exceptions has been presented which has been agreed upon by the state and defendant herein or their attorneys, and no bill of exceptions has been tendered and shown to this respondent to be correct, and that owing to the fact that disputed questions of fact are presented in the record of which the respondent has no personal knowledge and could acquire none and that motions have been left undecided by Judge White and as it is impossible for the respondent to satisfy himself of the correctness of any bill of exceptions in said cause, he, therefore, granted the defendant Antone Sansone a new trial in order that full and complete justice might be done."

I. The rule was well settled in this state, prior to 1889, that where a judge who tried a case went out of office before passing on the motion for a new trial or

signing a bill of exceptions, the succeeding judge, in order to prevent injustice, should award a new trial. *Woolfolk v. Tate*, 25 Mo. 597; *Cocker v. Cocker*, 56 Mo. 180; *Consaul v. Lidell*, 7 Mo. 250; *State v. Boogher*, 3 Mo. App. 442.

Section 2171, Revised Statutes, 1889, quoted in the opinion in *State ex rel. v. Wofford, supra,* was intended to abolish and did abolish this rule so far as it applied to a bill of exceptions, in order to secure to the party his right to a bill of exceptions and to avoid the expense and delay of another trial. The *status* of this case then is precisely what it would have been had the judge who tried the case not died, and the jurisdiction of respondent to grant a new trial must be tested by the same principles as would have applied if Judge White still presided over the court.

II. It is conceded on all hands that if respondent has jurisdiction to grant or refuse a new trial in the case named, prohibition will not lie. There is a well recognized distinction between an act done in the exercise of jurisdiction and act done where no jurisdicton is given. In the former case the act, however erroneous it may be, is not void and cannot be attacked collaterally; whereas in the latter case it is absolutely void and can be called in question directly and collaterally.

III. This brings us therefore to the controlling question in the case, which is, had the respondent jurisdiction to grant Sansone a new trial under the circumstances? It seems very clear to us that he had not. The court, presided over by Judge White, overruled the motion for new trial and rendered final judgment against Sansone by sentencing him to the penitentiary, and the term of court at which this was done has expired. When the term expired the jurisdiction of the court to grant a new trial ceased, without

regard to the person who may now preside as judge. Respondent has all the powers, but only the powers of the criminal court of Jackson county in the special case in which he was elected. The judgment and decrees of courts as a general rule are under the control of the court during the term at which they are rendered and they may be at that term set aside, vacated, modified or annulled by the court. "But it is equally well established that, after the term has ended, all final judgments and decrees of the court passed beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them; and if errors exist they can only be corrected by such proceeding by writ of error or appeal as may be allowed in a court, which by law can review the decision." 1 Black on Judgments, sec. 306, and cases cited; 1 Bishop on Criminal Procedure, sec. 1298. And this is unquestionably the rule in this state. *Peake v. Redd*, 14 Mo. 80; *State ex rel. v. County Court*, 51 Mo. 522; *Danforth v. Lowe*, 53 Mo. 217; *Bloss v. Tacke*, 59 Mo. 174; *Wilson v. Berkstresser*, 45 Mo. 283.

This court has even gone farther than that and has held that a motion for new trial, filed after the expiration of the four days allowed for filing it, cannot be considered by the court. *State v. Brooks*, 92 Mo. 591. Here Sansone filed one motion for a new trial, which was overruled, and the court adjourned for the term, and, to permit respondent to entertain the motion he filed on the nineteenth day of November, and grant him a new trial, would virtually abrogate section 2171 *supra*, and render it nugatory; for, as was well said in *State ex rel. v. Wofford, supra*, the same difficulties in passing upon a bill of exceptions would be encountered by the regular successor of the deceased judge as by a special judge. Neither one is conversant with the proceedings before and rulings of the judge who tried

the case.   And, if a special judge can grant a new trial for the reasons given by respondent, then of course the regular judge can do the same thing for like reasons, and this would reestablish and fortify the very evil the legislature intended to obviate by the enactment of the section cited above.

There is no force in respondent's contention that Judge White did not rule on Sansone's motion to strike from the files an exhibit accompayning affidavits presented by the state in relation to the motion for new trial.   If that motion was not disposed of by the overruling of the motion for new trial and the sentence pronounced by the court, and error was committed in not disposing of it, such error is reviewable by this court on appeal or writ of error, but not by respondent, who has no jurisdiction to review the rulings or alleged errors of his predecessor in this case.

IV.  It is unnecessary for us to decide whether the orders made by Judge Wofford are valid or not. Those orders will be before this court for review if the case is brought here by appeal or writ of error.   We will say, however, that we do not wish to be understood by any language used in *State ex rel. v. Wofford, supra,* as holding that orders made by a disqualified judge by the consent of defendant or for his benefit are void. All we intended to decide there was that orders made by such a judge over defendant's objections or not by his consent, where they are not favorable to him, are void.   Whether the application of the rule shall extend beyond this we leave for future consideration and decision.

V.  The conclusion we have reached in this case and the one we intended to reach and thought we had reached in the *Wofford case* is, that the special judge has no jurisdiction to do anything except to pass upon and sign a bill of exceptions.   Whether it is now too

late to sign and file such bill, we will not at this time say. Respondent has jurisdiction to pass upon that question, and his action thereon, whether right or wrong, will be reviewable by this court on appeal or writ of error.

The writ of prohibition will be made peremptory. All concur.