Leonard Cecilio CRUCES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54656.

Supreme Court of Missouri, Division No. 2.

April 13, 1970.

Dan K. Purdy, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

On December 1, 1964, appellant was found guilty of manslaughter by the verdict of a jury and punishment was assessed by it to ten years imprisonment in the Department of Corrections. The trial court's minute book shows that the conviction was for manslaughter, but the records of the circuit clerk recited that appellant stood convicted of the crime of murder second degree. On April 30, 1968, the court on its own motion took up "the matter of amending nunc pro tunc the judgment and order of this Court heretofore erroneously entered by scrivener's error on January 25, 1965," and by Nunc Pro Tunc Judgment Entry corrected the court record to show appellant's conviction to be manslaughter. In Point III of this appeal from denial of relief under his motion to vacate judgment and sentence under Supreme Court Rule 27.26, V.A.M.R., appellant says that the "correction of sentence" was improper in that he was not returned from the Department of Corrections, was not present in court and was not granted allocution "at the time said sentence was imposed pursuant to the aforesaid *nunc pro tunc* order."

Appellant misconceives the nature and effect of an order correcting a court record nunc pro tunc. That order can be made only to correct a clerical mistake or misprision of the clerk, Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675, 680, 681; and to "correct the record so as to reflect the action actually taken by the court at the time it entered its order or judgment." In the Aronberg case, the case of Campbell

v. Spotts, 331 Mo. 974, 55 S.W.2d 986, 989 is quoted: " 'Wherever, therefore, the clerk has failed to enter up a judgment or enters up a wrong judgment, and the order is sought simply that the proper entry may be made, the power may be exercised; * *.' " All that happened here was that the clerk of the court erroneously caused the formal judgment entry to show (in four places) that the conviction was for murder in the second degree instead of manslaughter which the jury's verdict and the court's minutes show. (It was not a judicial error.) When the court discovered the error it quite properly corrected it. No notice was necessary because the court's action was based upon matters of record which could not be disputed by appellant, 49 C.J.S. Judgments § 120b, p. 254, and where, as here, he was not aggrieved by the nunc pro tunc entry. Compare Pulitzer Pub. Co. v. Allen, 134 Mo.App. 229, 113 S.W. 1159, 1160; Winget v. Woods, Mo.App., 294 S.W.2d 43, 46 [4, 5]. The judgment nunc pro tunc entered April 30, 1968, related back to the original judgment entry of January 25, 1965. 49 C.J.S. Judgments § 121, p. 255. Since the correction of the record to show a lesser offense than murder in the second degree was made, appellant could not have been prejudiced or affected adversely by his lack of presence or allocution at the time the nunc pro tunc entry was made. Allocution was granted at the time of the sentence. On this hearing, the court's findings and conclusions of law that this was a clerical error, the correction of which did not alter the crime of which appellant was found guilty, and that there was no reason for returning him to court for allocution at the time the nunc pro tunc order was entered, are not clearly erroneous. Point III is therefore overruled.

Appellant claims error and asserts prejudice because Supreme Court Rules 23.11 and 23.12, V.A.M.R., and Sections 544.390 and 544.370, RSMo 1959, V.A.M.S., were not followed. These rules and statutes relate to certification of papers to the circuit court within ten days upon com-

pletion of preliminary examinations in the magistrate court, and the reduction to writing of evidence given by witnesses (to be signed by them) in homicide cases. The court found these facts: Appellant was present with counsel in the Magistrate Court on the preliminary hearing September 24, 1964, after which appellant was bound over on a finding of probable cause on the charge of murder in the second degree. On the same day the "Criminal Transcript" was filed in Circuit Court. The shorthand reporter's "Transcript of Proceedings" (testimony of all witnesses), was filed November 12, 1964, in the Circuit Court. There was no stipulation relative to waiving witnesses' signatures, and the individual testimony was not signed by them as required by Rule 23.12 and § 544.-370. The witnesses who testified at the preliminary hearing were: Alfred John Junior Zuniga; Joseph Anthony Martinez; Carole Alverez; Charles Finlay; Frank Rios; and appellant, Leonard Cruces.

The trial court concluded: As a practical matter to require that the magistrate await the preparation of the transcript of the testimony before certifying the papers to the circuit court could well delay such certification beyond the ten-day requirement (of the rule and statute); the failure to file the transcript is not jurisdictional (that is correct, see State v. Banton, 342 Mo. 45, 111 S.W.2d 516, 518 et seq., quoting State v. Smith, Mo., 228 S.W. 1057, 1060, that "'the purpose of the statute is to secure to a defendant a fair preliminary examination and to preserve the evidence taken'"; see also State v. Hughey, Mo., 404 S.W.2d 725, 729 [1, 2]); that appellant made no showing that he requested the transcript and was refused, or that it was unavailable to him or his attorney; that he made no showing that the witnesses testified any differently at the circuit court trial than at the preliminary hearing. The trial court compared the testimony of the three witnesses who testified on both occasions and found no substantial change. As to witness Frank Rioz, on the circuit court

hearing he did not testify that appellant had also stabbed him as he did on the preliminary hearing. The court concluded that if he had done so it would have been very unfavorable to appellant. The court found further that appellant was not as a matter of right, as contended, entitled to a copy of the (preliminary hearing) transcript, as no such provision is made in either the rules or statutes, and that § 544.-390 provides that the certified examination be delivered to the jailer. Additionally to what was found by the court, it was held in State of Missouri v. Lowell Eugene Fleming, 451 S.W.2d 119 (1970) that Rule 23.11 superseded § 544.390, and that under the rule there was no obligation upon the state to furnish the jailer with the examination conducted at the preliminary hearing.

State v. Lloyd, 337 Mo. 990, 87 S.W.2d 418, cited by appellant, after reviewing authorities holding that in certain circumstances the transcript of testimony of witnesses at a preliminary hearing is admissible in evidence, held that there was no showing that the state had shown reasonable diligence in securing the attendance of two out-of-state witnesses, hence the transcript was not admissible in evidence. It is noted at page 422 of the opinion that had the witnesses been present in court (as was the case here) the former transcript would have been inadmissible, citing State v. Coleman, 199 Mo. 112, 97 S.W. 574, 577 [8]. In State v. Luttrell, Mo., 366 S.W.2d 453, it was held that the admission into evidence of the preliminary hearing transcript of a witness' testimony was prejudicial error so as to necessitate a new trial. Neither the Lloyd nor the Luttrell case is of any aid to appellant, and it must be concluded that appellant having failed to show prejudice by reason of the failure to follow the rules and statutes, the trial court's findings and conclusions are not clearly erroneous as to this Point I, which is overruled.

█ Point II asserts incompetence of appellant's counsel in that "(a) his counsel failed to ascertain whether or not the

confession given by him was, in fact, voluntary; (b) there was no motion to suppress said confession filed; (c) his counsel failed to ascertain whether or not the testimony of the witnesses at the preliminary hearing had been reduced to writing and properly certified to the Circuit Court, (d) that he failed to obtain a copy of the testimony of the witnesses at the preliminary hearing so as to have that transcript available for use during the trial of this cause, (e) that his conduct of the trial of this cause in the Circuit Court was nothing more than a *pro forma* defense of his client's cause."

The transcript of the testimony taken at appellant's trial was made and received in evidence at this hearing as an exhibit. That testimony shows that there was no written confession received into evidence. The two officers who had interrogated appellant testified that at first he denied stabbing deceased, then later admitted the stabbing but sought to justify it upon self-defense. At the trial, appellant himself testified that the deceased was advancing upon him and that he struck out with a knife. Upon cross-examination it was brought out from appellant that he had testified at the preliminary hearing that deceased had backed him against a wall. Since there was, as the trial court found, a consistent admission of the stabbing by appellant throughout the proceedings, but a seeking to avoid or justify the act because of self-defense, counsel would not be required to perform the useless acts of ascertaining if the "confession" was voluntary and in moving to suppress the same. As to (c) above, counsel was present with appellant throughout the preliminary hearing at which the same witnesses testified as did in the circuit court trial. The gist of the testimony relating to the charge against appellant was thus known to counsel, and the transcript would add nothing more unless the testimony was different. As above noted, and as found by the trial court, appellant, having the burden of

proof, has failed to show any difference in the testimony.

As appellant states, the transcript of the trial shows that the prosecution did conduct most of the voir dire examination of the jury panel. The history and qualification of each prospective juror was extensively gone into. Contrary to what appellant states, his counsel did interrogate members of the panel. Counsel moved to strike for cause two veniremen, which motion was sustained. The reading of the entire trial transcript reveals that counsel was active and effective in representing appellant as to his claimed defense in cross-examining witnesses for the state, and in argument. No gross incompetence of counsel is here proved, but the contrary appears.

In his pro se brief, filed additionally to that of his counsel on this appeal, appellant claims that the trial court erroneously corrected the judgment nunc pro tunc before hearing the first motion to vacate sentence filed March 15, 1968. That motion did not mention any matter with respect to the erroneous entry of the clerk. Thereafter, the present amended motion presented the matter of correcting the record, and appellant has had a full consideration of the issues he raises as to the nunc pro tunc entry.

■ Appellant also additionally contends that § 545.890, § 545.910 and § 545.920 restrict the time within which the court could correct the record entries. Those statutes relate to the time within which a defendant must be tried after indictment or information. The time is not restricted as to when a court may correct a clerical error nunc pro tunc after the term in which it was made (see State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S.W. 2d 22, 26 [8, 9], and Clayton v. Holland Furnace Company, Mo.App., 300 S.W.2d 824, 826 [2]), and after the 30-day period within which the court retains control of the judgment under Civil Rule 75.01, V.A. M.R. Other pro se points of appellant are

related to those presented by his counsel as herein ruled, and need not be further considered.

None of the trial court's findings and conclusions of law are clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R.; Crosswhite v. State, Mo., 426 S.W.2d 67. The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.