STATE ex rel. John A. PARKS, Prosecuting Attorney of Polk County, Missouri, Relator,

v.

Honorable Charles V. BARKER, Judge of the Polk County Circuit Court, Respondent.

No. 60376.

Supreme Court of Missouri, En Banc.

June 15, 1978.

John A. Parks, Pros. Atty., Bolivar, for relator.

Kerry D. Douglas, Bolivar, for respondent.

ROBERT R. WELBORN, Special Judge.

Original proceeding in prohibition. Preliminary rule issued upon petition of John A. Parks, Prosecuting Attorney of Polk County, against Honorable Charles V. Barker, Judge of the Polk County Circuit Court. The return of the respondent admitted the factual allegations of the relator's petition, but denied that the action complained of was in excess of the court's jurisdiction.

The factual basis of the proceeding is as follows:

By information in the Polk County Circuit Court, Joe Duryee was charged with violating the Missouri Wildlife Code by trammel netting in Pomme de Terre Lake, a misdemeanor. § 252.040, RSMo 1969. On December 2, 1976, the matter was tried to a jury which returned a verdict of guilty, with a punishment of a fine of $50.00. The defendant was granted 30 days to file a motion for new trial. On January 3, 1977, the defendant was granted seven days additional time for filing his motion. The motion was filed January 7, 1977. The trial court did not act on the motion within 90 days of its filing and the motion was deemed denied under Rule 27.20. On July 20, 1977, the defendant appeared in the Polk County Circuit Court. Sentence was imposed and judgment entered. On August 1, 1977, the defendant paid the fine and costs in the case.

On August 16, 1977, the defendant filed his "Motion to Reopen and Vacate Judgment." The motion recited its filing under Rule 75.01 and sought vacation of the judgment and discharge or alternatively a new trial. The grounds for the motion were that, after sentence had been pronounced against defendant, the Missouri Department of Conservation notified him that his commercial fishing license would not be renewed because of "repeated violations of the Wildlife Code." The motion alleged that the above-mentioned conviction was the only time that defendant had been found guilty of violation of the Wildlife Code. He asserted that his defense in the case was entrapment and stated that the use by the Department of Conservation of the conviction as a basis for revocation of his license without notifying him of its intention to do so before judgment was entered was "conclusive evidence of an unlawful and unconstitutional plan and conspiracy on the part of the Department of Conservation and its agents to unlawfully entrap the Defendant into a violation of the Wildlife Code and based upon any conviction obtained as a result of such unlawful entrapment, to then revoke or refuse to renew the Defendant's commercial license."

The circuit court took up the motion on August 18, 1977, at which time the court, upon reconsideration of defendant's motion for new trial, "and within the 30 days during which the Court controls said judgment," concluded that the motion for new trial should have been sustained, vacated the judgment and sentence, and sustained the motion for new trial.

On September 28, 1977, the prosecuting attorney filed his petition for writ of prohibition in this Court. The petition asserted that the Rules of Criminal Procedure granted no authority to the trial court to vacate or set aside a judgment at the stage of the proceedings at which the court acted. The respondent was notified on November 14, 1977, that, unless within 10 days he set aside the order of August 18, 1977, the petition for prohibition would be sustained and the preliminary rule ordered to issue. No action on the part of respondent was forthcoming and on November 29, 1977, the preliminary rule issued.

By his return, the factual allegations of the petition were admitted by respondent. He asserted that he acted within the 30-day period within which he retained control over the judgment and that he had authori-

ty, upon motion of the defendant, to make such order. The return also asserted that issuance of the final writ in the case would have the effect of granting a right of appeal to the state in a case not within the limited area in which the right of appeal is given the state under §§ 547.200 and 547.-210, RSMo 1969.

Respondent acknowledges that no provisions of the Rules of Criminal Procedure directly authorizes his action in this case. He relies upon Rule 36.04 which provides:

"If no procedure is specifically provided by Rule, the court shall proceed in any lawful manner consistent with any applicable statute [1] and not inconsistent with these Rules."

Respondent contends that under this Rule he was entitled to rely upon Rule 75.01 of the Rules of Civil Procedure as authority for the action which he took.

Rule 75.01 provides, in part:

"The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time."

In a civil case in which judgment is entered on a jury verdict, the effect of Rule 75.01 is to give the trial court 30 days following rendition of the verdict within which it may exercise the authority granted under Rule 75.01. This follows from Rule 78.04 which provides that a judgment on a jury verdict "shall be entered as of the date of the verdict."

Rule 27.19(b) grants comparable authority to the judge in a criminal case. However, inasmuch as rendition of judgment in a criminal case must await disposition of the defendant's motion for new trial, Rule 27.19(b) limits the time for action by the court in granting a new trial on its own initiative to 30 days "after the verdict of the jury is returned" rather than 30 days "after entry of judgment" as in Rule 75.01. That the committee which drafted the Rules of Criminal Procedure intended by

what is now Rule 27.19(b) to grant the equivalent of the authority found in what is now Rule 75.01 appears from the committee report stating:

"Section (b) [of proposed Rule 111, now Rule 27.19(b)] authorizes a new trial on the court's own motion at any time within thirty (30) days after verdict and in this respect follows Civil Section 510.370." Report to Missouri Supreme Court of Committee on Rules of Criminal Procedure, p. 23 (1951).

Respondent's contention would, in effect, by relying upon Rule 75.01 in a criminal case, bring into criminal procedure authority in a jury case not granted under the rules of civil procedure to a trial court in a civil case tried to a jury. In the latter case, the judgment does not become final until an after trial motion is disposed of, but the trial court's authority under Rule 75.01 to control its judgment extends only for 30 days following rendition of the verdict. Respondent's argument would give the trial court such authority under Rule 27.19(b) in a criminal case for 30 days after the rendition of a verdict plus a second 30-day period following entry of judgment and sentencing. Therefore, even if Rule 36.04 might be held to permit resort in a criminal case to Civil Procedure Rules, there is no Civil Procedure Rule which would authorize the action of the trial court in this case.

The fact that the trial court purported to act on the basis of a previous timely motion for new trial does not authorize the action taken. By Rule 27.20(b), a motion for new trial not acted upon within 90 days is deemed overruled for all purposes. In such event, the trial court's authority to act on the motion has terminated and there is no authority for that court to act thereafter on the motion.

Attention has been called to two cases in which reference has been made to Rule 75.01 as giving the trial court in a criminal case control over its judgment for 30 days. In *State v. Bolden*, 525 S.W.2d 625 (Mo.App. 1975), the court was concerned with the

---

1. At the time of the adoption of the Rules of Criminal Procedure, effective January 1, 1953, Rule 75.01, relied upon by respondent, was embodied in § 510.370, RSMo 1949.

validity of an order by a trial court under Rule 26.05 to correct and clarify the record. The appellant argued that Rule 75.01 limited the court's authority to make such correction to 30 days following entry of judgment. The court considered the argument as made and held that action under Rule 27.22 is not limited by Rule 75.01. *Cruces v. State*, 452 S.W.2d 180 (Mo.1970), involved a nunc pro tunc order. In the course of the opinion the court stated that the time within which a nunc pro tunc order may be made is not restricted to the "30-day period within which the court retains control of the judgment under Civil Rule 75.01, V.A.M.R." 452 S.W.2d at 184.

In both of these cases, the reference to Rule 75.01 was not essential to the holding in the case. Neither is authority for the application of Rule 75.01 in the manner relied upon by the trial court.

The proposition that issuance of the absolute writ in this case would in effect permit an appeal by the state in a case not within §§ 547.200 and 547.210 is advanced without supporting authority. In *State v. Pottinger*, 365 Mo. 794, 287 S.W.2d 782 (1956), the court held that an appeal would not lie from the action of the trial court which, on the same day of the return of a jury verdict of guilty, set aside the verdict as unsupported by the evidence. The court found no authority for such action but held that the appeal was not authorized under §§ 547.200 and 547.210.

There is no question that the state could not have appealed from the trial court's order of August 18, 1977. However, relief was sought by way of prohibition, not appeal. Prohibition has been recognized as a remedy applicable in criminal cases. In *State ex rel. Brown v. Walls*, 113 Mo. 42, 20 S.W. 883 (1892), prohibition was employed to prevent a judge in a criminal case from granting a new trial after expiration of the trial term. The action of the trial court, beyond the time within which it could act upon a motion for new trial, was held to have been without jurisdiction and void and prohibition was held to be the proper remedy. Apparently no contention such as here

presented was made in that case so it is not authority in that respect. However, the purpose of the writ of prohibition is to control action of the trial court beyond its jurisdiction and since the granting of a new trial in this case was beyond the time given the trial court for such action, the action was beyond the court's jurisdiction and prohibition is a proper remedy. The right of the state thereto is not precluded by §§ 547.200 and 547.210.

Respondent's motion to dismiss, taken with the case, for failure of relator's brief to comply with the rules is overruled. The preliminary rule is made absolute.

MORGAN, C. J., and BARDGETT, FINCH, DONNELLY, RENDLEN and SEILER, JJ., concur.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.