Woolfolk v. Tate.

———◦●◦◦◦———

WOOLFOLK, Respondent, v. TATE, Appellant.

1. Where, during the pending of a motion for a new trial on the ground that the verdict is against the weight of evidence, a cause is removed to another circuit by an act of the legislature transferring the county in which the suit is pending to such other circuit, the judge of such other circuit should not decline disturbing the verdict, and refuse to grant a new trial, on the ground that the judge, not having heard the evidence as delivered by the witnesses on the stand, had not had the opportunity which the jury had of deciding upon the credibility of the witnesses. If embarrassed from such cause, the court should grant a new trial.

*Appeal from Marion Circuit Court.*

*Lipscomb,* for appellant.

I. It is the doctrine of this court that motions for new trials are always addressed to the discretion of the court in which

| 25 | 594 |
|---|---|
| 43a | 317 |
| 25 | 597 |
| .113 | 45 |
| 25 | 597 |
| 55a | 49 |
| 25 | 597 |
| c139 | 117 |
| 25 | 597 |
| 142 | 368 |
| 25 | 597 |
| 148 | 78 |
| 78a | 353 |
| 25 | 597 |
| 152 | 266 |
| 25 | 597 |
| 102a | 696 |
| 25 | 597 |
| 97a | 688 |

the trial was had. (16 Mo. 393.) But it is submitted that this court is not in this case called upon to control the discretion of the circuit court as to the weight of testimony. That court expressly declined acting upon the question because the judge then sitting was not the judge before whom the cause was tried.

II. The verdict was against the evidence.

*T. L.* and *R. E. Anderson,* for respondent.

I. The judge of the circuit court properly refused to disturb the verdict. The presumptions of law are in favor of the verdict.

RICHARDSON, Judge, delivered the opinion of the court.

This case was tried in the Marion circuit court, at the July term, 1855, before Judge Wells. The verdict was for the plaintiff, and thereupon the defendant filed his motion for a new trial, on the ground that the verdict was against the weight of evidence, and that the court admitted illegal testimony. The motion was not heard by the judge who tried the cause, but was continued until the next term, and in the mean time Marion county, by an act of the general assembly, was included in another circuit, in which Judge Redd presided. At the February term, 1856, the motion was called and overruled for the reason, as assigned by the court, "that the cause having been tried before Judge Wells, and not having heard the evidence as delivered by the witnesses on the stand, and not having the opportunity which the jury had of deciding upon the credibility of the witnesses, by the manner in which that evidence was given, the court is unwilling to disturb the verdict on the ground that it is against the weight of evidence." Without expressing any opinion whatever on the evidence or the merits of the motion, we think that, under the circumstances, the court ought to have sustained the motion and ordered a new trial. A party to a suit has the same right to have his motion for a new trial heard and duly considered as he has to institute or defend an action.

An acknowledged ground for granting new trials is, that a verdict is against the weight of evidence; and if, in this case, the court was embarrassed by the circumstances, and could not pass on the merits of the motion, it ought to have directed a new trial. It is better to allow a new trial, where the court for any cause can not consider the merits of an application for that purpose, than to refuse it; for by denying the motion, without giving a party the benefit of being heard or of having his reasons considered, irreparable injury may be done, while on the other hand the prevailing party in the verdict will only suffer by delay, and generally will secure another verdict if he is entitled to it.

With the concurrence of the other judges, the judgment is reversed and the cause remanded.