Cocker v. Cocker.

————O————

CATHERINE H. COCKER, Appellant, vs. JOHN COCKER, Respondent.

1. *Practice, civil—New trial—Motion for before judge succeeding the one trying cause, etc.*—The action of a judge in overruling a motion for a new trial, etc., on the ground that the case having been heard before his predecessor he was ignorant of the merits, is error. In such state of facts he should have granted a new trial. (Woolfolk vs. Tate, 25 Mo., 597.) Generally, in a case of this character costs should be taxed against the party filing the motion.

*Appeal from St. Louis Circuit Court.*

*Dryden & Dryden,* for Appellant.

*Voullaire & Sternberg,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought by the plaintiff against the defendant in the St. Louis Circuit Court, to recover the amount purporting to be due on a promissory note executed by the defendant to the plaintiff. The defendant by his answer set up as a defense to the action, the allegation that the note had been executed without any good consideration, and also that it was barred by the statute of limitations. The plaintiff replied to the new matter in the answer, denying the same, and also setting up new matter in avoidance. The answer and reply are each very long and prolix in their averments; but for the purposes of a proper understanding of the case as presented in this court, it is not necessary that they should be further noticed.

In the Circuit Court at Special Term a jury was waived and a trial of the issues in the case was had before the court. The issues were found for the plaintiff and judgment rendered in her favor.

The defendant in due time filed his motion for a new trial. After this motion was filed and before it was heard or decided, the judge who tried the cause, (the late Judge Ewing), vacated his office by resignation, and the present incumbent, Judge Krum became his successor in office. The motion for a new trial set out as grounds of the motion that the finding and judgment of the court was against the evidence and against the weight of the evidence; that the court admitted improper evidence; that the court had improperly declared the law; and that the finding and judgment were not warranted by the law or evidence, and were excessive. This motion was afterwards called up for hearing before the present judge of the court, and was by him overruled.

The following facts appear from a bill of exceptions filed at the time the motion was overruled: "That before the motion for a new trial was disposed of, Judge Ewing, before whom this case was tried, vacated the bench without disposing of said motion for a new trial; that on the 18th day of January, 1873, the above motion for a new trial came on to be heard, Judge Krum the successor of Judge Ewing presiding, and not having heard the testimony and evidence of the case, and not being advised therein, and without passing upon the merits of said motion, and there being no certificate from Judge Ewing as to what the evidence on the trial was, and it being stated to the court by the respective counsel that they had not agreed as to what the evidence or testimony was, the court refused to grant a new trial and overruled the motion for a new trial, to which action of the court in refusing to grant a new trial, and in overruling said motion for a new trial, the defendant by his counsel at the time excepted."

The defendant then appealed to the General Term of said court where the judgment at Special Term was reversed and the cause remanded to Special Term for further proceedings. From this last judgment the pltff. appealed to this court.

The only question to be considered in this court is, whether the Circuit Court at Special Term properly overruled the defendant's motion for a new trial? We think the exact question in this case was decided by this court in the case of Woolfolk vs. Tate, (25 Mo., 597). In that case a motion for a new trial was filed, but before it was heard, the county where the case was pending was attached to a different circuit, and the motion came on for hearing before a different judge from the one who had tried the cause. The grounds of the motion were that the court had admitted illegal evidence, and that the verdict was against the weight of the evidence. The record shows that in that case the judge who overruled the motion did so on the ground, "that the cause having been tried before Judge Wells, and the judge trying the motion not having heard the evidence as delivered by the witnesses on the stand, and not having the opportunity which the jury had to decide on the credibility of the witnesses, by the manner in which the evidence was given, the court is unwilling to disturb the verdict on the ground that it is against the weight of the evidence."

This court in that case held that a party to a suit, "has the same right to have his motion for a new trial heard and duly considered as he has to institute or defend an action." The learned judge delivering the opinion of the court in that case further remarking, that "it is better to allow a new trial where the court for any cause cannot consider the merits of an application for that purpose, than to refuse it; for by denying the motion without giving the party the benefit of being heard, or of having his reasons considered, irreparable injury may be done, while on the other hand, the prevailing party in the verdict will only suffer by delay and will generally secure another verdict if he is entitled to it." Of course the motion in such case would usually be sustained on terms taxing all of the costs of the first trial to the party filing the motion.

The case now before us I think is identical in principle with the one above referred to. In fact, the present case is a stronger one, as in that case the attorneys seemed to have agreed as to what the evidence had been on the former trial.

In this case no such agreement could be obtained, and if, as is suggested, the motion had been tried on affidavits, then the court would not have decided the motion on the weight of the evidence given on the trial, but on the weight of the *ex parte* affidavits taken and used on the trial of the motion. We think that the rule of practice has been settled in the case of Woolfolk vs. Tate, and we are not disposed to change it..

The judgment rendered by the Circuit Court at General Term will be affirmed, and the cause remanded to Special Term for further trial. The other judges concur.