Woods v. Campbell.

WOODS *et al.* v. CAMPBELL *et al., Appellants.*

In Banc, June 6, 1892.

1.  The Case of *Carroll v. Campbell, ante, p. 577, followed and affirmed.*

2.  **Practice**: ERROR. It is error to submit an issue of law to the jury or an issue of fact not tendered in the pleadings.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. MAURICE CRAMER, Judge.

REVERSED AND REMANDED.

*G. D. Reynolds* for appellants.

*J. B. Dennis* for respondents.

BRACE, J.—This is an action for damages against the defendants for intruding upon the line of an exclusive ferry franchise claimed to have been granted to plaintiff, Richard Carroll, by the city of Cape Girardeau, by ordinance number 411 of said city; and is the same franchise passed upon in *Carroll v. Campbell*, 108 Mo. 550, and in *same v. same, ante,* p. 557. The issues in the latter case and in the one in hand are precisely the same, except that in the former the damage claimed was for an intrusion between the twentieth of December, 1885, and the seventeenth of May, 1886, and the present is for an intrusion between the eighteenth day of October, 1886, and the third day of May, 1887. The same legal questions are raised in this, as in the former case, and are there disposed of. In this opinion it will only be necessary to notice one additional point arising from the difference in the time charged for.

To sustain the issue upon the part of plaintiffs, two licenses to Richard Carroll were introduced, issued

under said special ordinance granting the ferry privilege to him, one dated September 14, 1885, and one dated March 15, 1886, each for the period of six months from the date thereof, and neither covering the time sued for. No other license was offered or introduced in evidence; but over the objections of the defendant, and without amendment of the petition, the plaintiffs were permitted to introduce a general ferry ordinance of the city authorizing the grant of ferry licenses by the mayor and council by special ordinance, and parol evidence tending to prove that, during the time sued for, the plaintiffs had ferry licenses issued to Woods and Carroll, one signed by the city marshal and one by the city register, and that such licenses were lost. There was no evidence that such licenses were authorized by the mayor and council, as required by the general ordinance, nor any other evidence of their contents. Upon this evidence, without any offer to amend the petition, or any opportunity afforded the defendants to join the issues necessarily made by it, the case was submitted to the jury upon the same instructions (except as to dates) as those given for the plaintiff in case 5271, *supra*. The court erred in permitting this evidence to be introduced; the facts it tended to prove were not within the issues of the pleadings, and there was error in giving plaintiffs' instruction, which, as in the former case, submitted to the jury the legal question of whether the plaintiffs had an exclusive ferry franchise, and in authorizing them to find for the plaintiffs for an intrusion upon it for a period during which the plaintiffs failed to show that they had any such franchise as claimed in their petition.

For these errors the judgment will be reversed and the cause remanded for new trial.   All concur.