St. Francis Mill Co. v. Sugg.

St. Francis Mill Company *et al.* v. Sugg *et al.*, *Appellants*.

Division One, January 29, 1898.

1. **Practice:** CONTINUANCE ON MOTION FOR NEW TRIAL. No special order is necessary to effect a continuance from term to term of a motion for a new trial. Either party may call the motion to the attention of the court at any suitable time, and insist on a ruling thereon. So long as it is undisposed of, it may be called up as unfinished business (in this case fourteen years after it was filed).

2. ———: ———: LACHES. So long as one of the movers of a motion for a new trial remains a minor, laches can not be charged against the others because the motion was not sooner called to the attention of the trial court, even though such minor was represented originally by a guardian *ad litem*.

3. ———: ———: NEW TRIAL OF COURSE. Prior to the statute of 1889 (R. S. 1889, sec. 2171), a motion for a new trial was granted as a matter of course if the judge who tried the cause could not hear the motion, and this ruling is adhered to in regard to a motion filed in 1881 and heard in 1895.

*Appeal from Dunklin Circuit Court.* — HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*R. B. Oliver* and *Wilson Cramer* for appellants.

(1) The court below erred in refusing, at the January term, 1895, to entertain defendants' motion

for a new trial, filed August 20, 1880, and in holding that the same had been abandoned and was no longer pending. Having been filed in due time after judgment, to wit, within four days, as required by law, the motion continued to be a pending motion until passed upon by the court, although not continued by a general or special order from term to term. Until the motion is disposed of the judgment is not a finality. *Riddlesbarger v. McDaniel*, 38 Mo. 138; *Gray v. Parker*, 38 Mo. 160; *Henze v. Railroad*, 71 Mo. 636; *Givens v. Van Studdiford*, 86 Mo. 149; *State ex rel. v. Smith*, 104 Mo. 419; *Childs v. Railroad*, 117 Mo. 414. (2) The proof shows that all of the defendants, excepting one, were minors when the motion for a new trial was filed, August 20, 1880, and that two of them were still under age when their motion was called up for disposition at the January term, 1895. Their guardian *ad litem* died about 1881. Laches will not be imputed to infants. *Kroenung v. Goehri*, 112 Mo. 648. (3) It was in the power of plaintiffs to have called up the motion for a new trial at any time and to have had the same disposed of. They have themselves to blame for the fact that the motion was pending so long. (4) Judge John G. Wear succeeded Judge Owens and held the January term of court, 1895, when defendants' motion was called up for disposition. Not having heard the evidence in the cause, and there being no record from which he might review it, Judge Wear should have sustained the motion and granted a new trial. *Woolfolk v. Tate*, 25 Mo. 597; *Cocker v. Cocker*, 56 Mo. 180; *Witthouse v. Railroad*, 64 Mo. 523; *Sahlein v. Gunn*, 43 Mo. App. 317; *State ex rel. v. Walls*, 113 Mo. 42.

*W. H. Clopton* for respondents.

(1) The authorities cited by appellants under point 1 of their brief are not applicable to the case at

bar. In all those cases the motions were pressed seasonably, and this court held that the appellants did not lose their right to take the subsequent necessary steps to appeal from the judgment complained of. (2) The statute of limitations and laches will operate against a minor in certain cases. Tyler on Inf. and Cov. [2 Ed.], p. 167; Chambers on Inf. 416; *Havens v. Patterson*, 43 N. Y. 223; *Kemp v. Cook*, 18 Md. 130. (3) The decree against the infant defendants was regularly entered against them, after they were properly in court and defended. It is therefore presumed to be valid and binding on them. *Bechel v. Erskine*, 43 Iowa, 213; *Jeffrie v. Robadeux*, 3 Mo. 33; *Kemp v. Cook*, supra; Tyler on Inf. and Cov. [2 Ed.] 175. (4) Even though judgment be rendered against an infant without the appointment of a guardian, it is only voidable, and can be enforced until reversed. *Charles v. Kelly*, 120 Mo. 134. The decree against defendants has been enforced, the property has been sold by the administrator of William S. Sugg, to whose estate it passed after the decree, and the minors can not now complain. *Shields v. Powers*, 29 Mo. 315; *Jones v. Hart*, 60 Mo. 362. (5) Under the statute of Missouri (sections 6764, 6765, 6767), ten years' adverse possession is a bar to a minor in a real action, when the minor attained his majority more than three years before the expiration of the ten year period. *Gray v. Yates*, 67 Mo. 602.

BARCLAY, P. J.—This is an appeal by defendants in the same cause described in the report of plaintiffs' appeal, heard at this term, *ante*, page 358.

A few facts should be added to those stated in the opinion on the other appeal. In the latter part of 1894, the defendants served notice that at the following January term, 1895, of the Dunklin circuit court, they would ask the court to pass upon their pending motion

for new trial.    When plaintiffs appeared at said January term, they filed the motion for an entry *nunc pro tunc* which formed the gist of the contest upon the plaintiff's appeal.    The learned circuit judge refused to amend the record *nunc pro tunc* as requested; but he also denied the motion for new trial (to quote the record) "for the reason that the court deems the said motion to have been abandoned and to be not now pending in said cause."

It appeared at the hearing of these motions in January, 1895, that one of the defendants, Wylie P. Sugg, was nineteen years old and that his codefendants were then of the following ages respectively:    A. O. Sugg, thirty-seven years; Clyde F. Sugg, thirty-four years; Henry A. Sugg, twenty-six years; Lalla Sugg, twenty-four years; Jas. P. Sugg, twenty-three years, and Alfred Sugg, twenty-one years.    At the time of the original proceedings in the cause, all the defendants were minors, residing in Tennessee.

It was admitted that the motion for new trial was filed while Judge Owens was judge of the circuit court of Dunklin county.    But before the ruling upon it, forming the subject of this appeal, his term of office had expired and Judge Wear succeeded him as judge of the circuit court of that county, and passed upon the motion as already stated.    Defendants, after the customary preliminaries, brought the case to the Supreme Court to review the order denying them a new trial.

1.    No special order was necessary to effect a continuance from term to term of the motion for new trial.    *Givens v. Van Studdiford* (1885) 86 Mo. 149.

Plaintiffs, as well as defendants, had the right to call the motion to the attention of the court at any suitable time and to insist upon a ruling thereon.    So long as it was undisposed of it must be regarded as

having been passed from term to term, with the unfinished business.

2.    The real moving parties to the motion for new trial were minors, represented by a guardian *ad litem.* One at least of them was yet a minor when the rulings on the circuit occurred in 1895. So we are not called upon to consider the doctrine of laches in respect of bringing the motion to a hearing.

3.    Some of the reasons stated in the motion for new trial referred to the discretionary powers of the court, notably the fifth reason assigned. If on account of a change of judges, a party is deprived of the opportunity to have the judge who tried the cause review the finding therein upon a motion for new trial (invoking the exercise of his discretion), the law of Missouri declares that a new trial should be granted in order to avoid the risk of a miscarriage of justice. The reasons for that ruling have been fully given in former opinions of the Supreme Court and they need not be repeated. *Woolfolk v. Tate* (1857) 25 Mo. 597; *Cocker v. Cocker* (1874) 56 Mo. 180.

Following the precedents last cited, we reverse the judgment and remand the cause for further proceedings in accordance with this opinion. MACFARLANE, ROBINSON and BRACE, JJ., concur.