WILLIAM H. GLAVES, Administrator, Etc., Respondent, v. HUGH P. WOOD, Appellant.

### St. Louis Court of Appeals, January 24, 1899.

New Judge: MOTION FOR NEW TRIAL: MERITS. A new judge must determine a pending motion for new trial upon its merits, that is upon an examination and consideration of the evidence.

*Appeal from the Lewis Circuit Court.*—HON. EDWIN R. McKEE, Judge.

REVERSED AND REMANDED (with directions).

BLAIR & MARCHAND and O. C. CLAY for appellant.

The evidence was competent and should have been received, it being admitted by respondent to be the evidence

taken at the trial of said cause by Bert Gridley, stenographic court reporter, and that his translation thereof was correct. See record, p. 71. Miller v. Anheuser, 4 Mo. App. 436; State ex rel. v. Perkins, 139 Mo. 106 and 117; R. S. 1889, sec. 2171; State ex rel. Brown v. Walls, 113 Mo. 42-44. The judgment having been given and entered upon the record, it could only be set aside by an examination of the evidence and proceedings had at the trial, and the court having refused to allow defendant to introduce it, should have let the judgment stand. The motion to set aside the judgment should have been overruled. Because all decisions of our appellate courts negatively or expressly hold that had the facts or evidence upon the trial been preserved or agreed to, the verdicts of the juries should not be set aside, simply because a new judge had succeeded the judge who tried the case. The evidence at the trial having been offered and being competent, the same should have been admitted and considered upon the motion, and the motion sustained or overruled upon the evidence. See authorities to "Point 1" to "Error 1." Should the court conclude to consider the merits of the case, then we make the point: First, that the petition does not state facts sufficient to constitute cause of action, and, second, because the evidence does not warrant a court of equity to require an accounting as shown in our argument.

BIGGS, J.—This is an action in equity for an accounting. The cause was tried by Hon. Ben. E. Turner, which resulted in the dismissal of the bill. The plaintiff filed a motion for a new trial, which was continued to the next term of court. During the vacation of the court Judge Turner died, and Hon. E. R. McKee was appointed by the governor to fill the vacancy. The motion for new trial was submitted to Judge McKee. On the hearing the defendant submitted for the consideration of the court a transcript of the evidence taken at the trial, which the parties agreed was correct. The

court refused to examine or consider the evidence, and peremptorily sustained the motion. From the order granting the new trial the defendant has appealed.

Under the earlier decisions the action of the circuit court was unquestionably right, Woolfolk v. Tate, 25 Mo. 597; Cocker v. Cocker, 56 Mo. 180, but under a recent statute (R. S. 1889, sec. 2171), as construed by the supreme court in State ex rel. v. Perkins, 139 Mo. loc. cit. 117, it was the duty of Judge McKee to examine the evidence and determine the motion for new trial on its merits. The section referred to was first introduced in the revision of 1889. It provides that in cases like we have here the incoming judge may sign a bill of exceptions. In referring to this new power the supreme court in the Perkins case, said: "We believe the power to sign a bill of exceptions carries with it as a coincident right, the right to pass upon the motions for new trials, without which in the case at bar the power to sign a bill of exceptions would be worthless and wholly ineffectual." The clear import of this ruling is that the new judge must determine a pending motion for new trial upon its merits, that is upon an examination and consideration of the evidence. Under the authority of this decision we must reverse the judgment and remand the cause with directions to the circuit court to proceed in accordance with this opinion. All concur.