CHITTY v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

Division One, February 15, 1899.

1. **Practice**: PLEADING: RECOVERY. Plaintiff can not plead one cause of action, and recover upon another not pleaded, notwithstanding the other would be a good cause of action if properly pleaded.

2. ———: ———: NEGLIGENCE: PROOF. When plaintiff alleges specific acts of negligence on the defendant's part, his evidence, and likewise his right of recovery, will be limited to the specific acts charged, and this rule obtains even where a general averment of negligence precedes the averment of specific acts of negligence in the petition.

3. ———: ———: ———: INSTRUCTIONS. Plaintiff charged that while the train on which he was a lawful passenger was standing still on the main track, defendant caused another heavy freight train to be run suddenly and at great speed into the rear end of the caboose in which he was riding, completely demolishing it, and that the collision caused a heavy sliding door at the side of

Chitty v. Iron Mountain R'y Co.

said caboose, which was open at the time, to fly shut, and plaintiff was thrown forward, caught between said door and the door jamb, and his ankle and knee crushed; that upon the rebound of the door, plaintiff was thrown from the caboose a great distance, and thereby sustained serious contusions. One instruction told the jury, that, if they found that plaintiff at the time had reasonable cause to apprehend a collision, and that the danger thereof was then imminent and impending, and that the injury occurred while he was attempting to escape from the caboose, he was entitled to recover, "although he would not have been injured if no attempt to escape had been made." *Held,* that the averment was that the injury was caused by a collision, and the instruction permitted a recovery if the injury was received while he was attempting to escape from the car, and these theories being antagonistic, the instruction was error.

4. ——: ——: ——: ——: CONTRIBUTORY NEGLIGENCE. Such instruction was error, not on the theory that it was contributory negligence for plaintiff to jump if he believed the danger of the collision was imminent and impending, but because plaintiff had not asserted the right to recover for injuries received while jumping from the car under such a belief.

5. Judgment: REMITTITUR: IN TRIAL COURT. The circuit court has the power to order a remittitur in case it deems the verdict excessive. Nor is such action of the court in violation of the constitutional provision that "the right of trial by jury as heretofore enjoyed, shall remain inviolate."

6. ——: ——: IN SUPREME COURT. The Supreme Court has the power to order a remittitur where the verdict is for the right party but the amount awarded is excessive. (BRACE, P. J., and MARSHALL and VALLIANT, JJ., concurring; ROBINSON, J., expresses no opinion.)

7. ——: EXCESSIVE VERDICT. The verdict in this case was for $20,000, the full amount sued for, and the plaintiff filed a remittitur of $5,000, so that the judgment was for $15,000. *Held,* in view of the evidence, that the verdict on its face appears to be the result of passion or prejudice, which the action of the court did not cure, and therefore, under the law as now interpreted, the judgment must be set aside.

*Appeal from Scott Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED.

MARTIN L. CLARDY and R. GRAHAM FROST for appellant.

(1)   The court erred in giving instruction number 1 for plaintiff.   This instruction was vague and ambiguous and calculated to mislead the jury.   Under this instruction the jury might have found all the facts therein stated to be true and although they might have further believed that plaintiff was injured by jumping from the car, as defendant's witnesses testified, still this instruction would have required them*to find for the plaintiff.   George v. Railroad, 40 Mo. App. 433; Donahue v. Railroad, 83 Mo. 560; Legg v. Johnson, 23 Mo. App. 590; Becraft v. Grist, 52 Mo. App. 586; Stanley v. Railroad, 114 Mo. 606; James v. Railroad, 107 Mo. 480. (2)   The court erred in giving instruction number 2 for the plaintiff.   This instruction assumes the negligence of defendant.   It introduces an issue not tendered in the petition, viz.: whether the plaintiff had reasonable cause to apprehend the collision and was injured in attempting to escape therefrom. This instruction being taken in connection with instruction number 1 was calculated to mislead the jury to believe that they were authorized to find for the plaintiff although they might also believe the theory of the defendant, viz.: That the plaintiff was injured not by the collision but by jumping from the caboose in his attempt to escape.   Melvin v. Railroad, 89 Mo. 106; Kenney v. Railroad, 70 Mo. 252; Woods v. Campbell, 110 Mo. 572; Yarnell v. Railroad, 113 Mo. 570; Waldheir v. Railroad, 71 Mo. 514; Ely v. Railroad, 77 Mo. 34; Current v. Railroad, 86 Mo. 62; Price v. Railroad, 72 Mo. 414; Haynes v. Trenton, 108 Mo. 123; Schlereth v. Railroad, 96 Mo. 509; Wilburn v. Railroad, 36 Mo. 203; Spillane v. Railroad, 111 Mo. 555; Sawyers v. Railroad, 37 Mo. 250; Fullerton v. Fordyce, 121 Mo. 1.   This instruction did not submit to the jury whether the plaintiff believed there was impending danger.   Ephland v. Railroad, 57 Mo. App. 159.

(3)   The court erred in giving these two instructions covering the whole case in this, that they permitted the jury to ignore the defense of defendant.   Brownlow v. Wollard, 66 Mo. App. 636; Evers v. Shumaker, 57 Mo. App. 459; Bank v. Murdock, 62 Mo. 70; Crews v. Lackland, 67 Mo. 619; Cameron v. Hart, 57 Mo. App. 146; Bank v. Hatch, 98 Mo. 379; Sawyer v. Railroad, 37 Mo. 263; Clark v. Hammer Co., 27 Mo. 70; Wood Machine Co. v. Bobst, 52 Mo. App. 433.
(4)   The court erred in giving instruction number 3 for the plaintiff on the measure of damage in this, that the instruction assumes the existence of injuries and further that the instruction expressed the opinion of the court that the verdict of $20,000 would not be too much.   Ryan v. Ace, 27 Ga. 87; Glasscock v. Shell, 57 Tex. 224; Willis & Bro. v. McNeill, 57 Tex. 478; Fordyce v. Nix, 23 S. W. Rep. 967; Fullerton v. Fordyce, 121 Mo. 13; Railroad v. Irvin, 18 A. & E. Ry. Cases, 294.   (5)   The court erred in not sustaining defendant's motion for a new trial on the ground that the verdict was excessive in amount and the result of prejudice and passion without regard to the evidence.   Rodney case, 127 Mo. 676; Waldhier case, 87 Mo. 37; Berkson v. Railroad, 144 Mo. 229; Hollenback v. Railroad, 141 Mo. 112; Sawyer v. Railroad, 57 Mo. 240; Adams v. Railroad, 100 Mo. 555; Furnish v. Railroad, 102 Mo. 438; Hurt v. Railroad, 94 Mo. 255; Gurley v. Railroad, 104 Mo. 211; Nichols v. Crystal Plate Glass Co., 126 Mo. 55; Goetz v. Ambs, 22 Mo. 172; Whitsitt v. Ransom, 79 Mo. 260; Garrett v. Greenwell, 92 Mo. 125; Caruth v. Richeson, 96 Mo. 192; Carroll v. Railroad, 107 Mo. 653; State v. Railroad, 31 S. W. Rep. 263; Lilly v. Menke, 126 Mo. 212.

.WILSON CRAMER for respondent.

(1)   That plaintiff was injured in the manner stated in his petition, by having his leg caught between the sliding door, which flew shut in consequence of the collision, and the

door jamb, and fell out of the caboose, is established by the evidence. (2) Having been placed in a position of peril by the act of defendant, plaintiff is not chargeable with negligence even if he had jumped, in attempting to escape, and the court properly gave instruction number 2. Kleiber v. Railroad, 107 Mo. 240; Bischoff v. Railroad, 121 Mo. 216; McPeak v. Railroad, 128 Mo. 650. (3) This instruction number 2, also properly lays down the rule as to the care to be exercised by one of plaintiff's age. Burger v. Railroad, 112 Mo. 238. (4) A plea of contributory negligence should set out the facts constituting the supposed contributory negligence, and this is not done in the answer of defendant. The plea is insufficient. Hudson v. Railroad, 101 Mo. 29. (5) Instructions numbered 2 and 4 asked by defendant, which are predicated on the assumption that plaintiff was injured by jumping, were properly refused. They have no evidence for their support. No one has testified to the fact, and the proof shows that there was deep mud at the place where plaintiff was lying when picked up. (6) Plaintiff, a passenger, was placed in a position of danger by the negligent act of defendant, and had the right to make an attempt to escape. It logically follows that his doing so can not be set up as a defense, and the court properly refused instructions numbered 2 and 4 on this ground. (7) Instruction number 3, given for plaintiff, does not assume the existence of injuries, and the criticism of the instruction given in the Fullerton case, cited by appellant, has no application. It is like the one directly approved in the case of Rosenkranz v. Railroad, 108 Mo. 15, with the exception that the objection urged to that one is obviated by a different wording in this. Nor is it faulty, as claimed, in limiting plaintiff's recovery to $20,000, the amount sued for. It is the uniform practice to instruct the jury that their finding can not exceed the amount claimed in the petition, and a failure to do so is error. Crews v. Lackland, 67 Mo. 619; Wagner v. Printing Co., 45 Mo. App. 14. (8) Plaintiff's

instruction number 3 states correctly the rule as to the measure of damages. Rosenkranz v. Railroad, 108 Mo. 9; Schmitz v. Railroad, 119 Mo. 277. (9) The labored and lengthy argument of appellant's counsel that plaintiff can not allege one act of negligence and recover upon another can have no application to the case at bar. But one act of negligence is complained of and shown, the running together of two trains, and the allegations of plaintiff's petition as to the manner of his getting hurt are fully sustained by the evidence. (10) The amount allowed by the jury, though held to be excessive under the evidence, is not proof of passion or prejudice on the part of the jury. Burdict v. Railroad, 123 Mo. 221. (11) While the practice of requiring a remittitur as a condition to affirmance in cases where the damages were thought to be excessive, which formerly obtained in this court, has been abandoned, the trial court has the right and ought to exercise the power of requiring a remittitur when, in its judgment, the damages allowed are too large. Furnish v. Railroad, 102 Mo. 438; Burdict v. Railroad, 123 Mo. 252; Railroad v. Herbert, 116 U. S. 642; Cattle Co. v. Mann, 130 U. S. 74; Davis v. Railroad, 32 Pac. Rep. 646; Railroad v. Tomlinson, 33 Pac. Rep. 710; Winter v. Shondy, 36 Pac. Rep. 1049. (12) The action of the trial court in reducing the amount of the verdict to an amount which seemed to it proper ought to be final, especially since this court, under its present practice, will no longer require a remittitur. Loyd v. Railroad, 53 Mo. 513; Furnish v. Railroad, 102 Mo. 454; Dowd v. Air Brake Co., 132 Mo. 579. (13) An additional reason why this court should not undertake to readjudicate the question of the excessiveness of the verdict is that the amount of damages is a question of fact, not reviewable on appeal. Railroad v. Fraloff, 100 U. S. 31; Ins. Co. v. Ward, 11 Sup. Ct. Rep. 725; Railroad v. Winters, 143 U. S. 60; Boggess v. Railroad, 113 Mo. 340; Berkson v. Railroad, 144 Mo. 211.

MARSHALL, J.—Action for $20,000 damages for personal injuries.

The plaintiff, a minor, became, on April 5th, 1893, a passenger on one of defendant's local freight trains at Brider's Switch, in Scott county, to go to Allenville, in Cape Girardeau county. After paying his fare, the petition alleges, "that plaintiff took his place and remained in the caboose attached to the rear end of said train, which was set apart and used by defendant for the carrying of passengers as aforesaid; that, while said local freight train was standing still for some purpose on defendant's main track at Delta, an intermediate station on its road before reaching Allenville, defendant, by its agents and employees, through gross negligence and carelessness, in broad daylight, caused another of its heavy freight trains or freight cars to be run suddenly and at great speed against the rear end of the train on which plaintiff was riding, striking the caboose in which plaintiff then was with such force as to knock the same from its tracks and entirely demolish the rear platform and the end of said caboose; that, by the great shock of said collision of cars, the heavy sliding door at the side of the said caboose, which was open at the time, was caused to fly shut and with great force, and plaintiff being thrown forward by the concussion, had his right leg caught between said door and the door jamb, and the same was crushed between the ankle and the knee; that, upon the rebounding of the door, plaintiff was thrown with great violence from the caboose a great distance onto the hard ground, and sustained thereby serious and painful bruises and contusions," etc.

The answer is a general denial and a plea of contributory negligence. The reply denied the new matter in the answer.

Upon the trial the plaintiff introduced evidence tending to prove the allegations of the petition, and defendant introduced evidence tending to contradict those allegations, so far as to show that before the collision the plaintiff jumped from

the caboose and received his injuries in that way and not by reason or in consequence of the collision, and that if he had remained in the caboose, as some other passengers did, he would not have been injured. No question is raised here as to the admission or exclusion of evidence, so it will not be necessary to state the facts more in detail.

At the request of the plaintiff the court instructed the jury as follows:

"1. The court instructs the jury that, if you shall find from the evidence that defendant, by its agents and employees, undertook for hire to carry plaintiff, as a passenger, in the caboose of its local freight train from Brider's Switch to the station at Allenville on its road, and collected fare from him for such transportation, it became and was the duty of defendant to use reasonable care in conveying plaintiff to his destination, and if you shall believe from the evidence that before reaching Allenville, while the local freight train was standing on the main track of defendant's road, and while plaintiff was in the caboose, defendant, through its agents and employees, carelessly and negligently caused another of its freight trains to be run back against the caboose in which plaintiff was riding, and you shall further find that, in consequence of the collision of cars, plaintiff was injured, your verdict should be for the plaintiff.

"2. The court further instructs the jury that, if you shall believe from the evidence that the collision of cars caused the sliding door at the side of the caboose to fly shut, and that plaintiff's right leg was broken by being caught between the door and the door jamb, while he was attempting to escape from the caboose; yet, if you further find that plaintiff at the time had reasonable cause to apprehend a collision, and that the danger thereof was then imminent and impending, and further, that plaintiff exercised such degree of care as under the circumstances would reasonably be expected from one of

his age and capacity, then he is entitled to recover, and your finding should be for him, although you may be further satisfied that he would not have been injured if no attempt to escape had been made.

"3. The court further instructs the jury that, if you find the issue for the plaintiff, you should assess his damages at such sum, not exceeding $20,000, as from the evidence you may believe will be a fair compensation to him for the injuries he has sustained, and that, in estimating such damages, you should take into consideration the physical pain and mental anguish occasioned by his injuries; the fact, if you so find from the evidence, that his injuries are permanent, and their future effect upon his health, if from the evidence you believe it will be affected thereby; his physical disfigurement or deformity, if you find that such has been shown by the evidence, and, further, any loss of earnings after he shall have attained the age of twenty-one years."

At the request of the defendant the court instructed the jury as follows:

"I. The jury are instructed that, in order to entitle plaintiff to recover, the burden of proof is upon him to show that, by reason of the negligence of defendant's servants, a collision was caused between the caboose in which plaintiff was riding and other cars of defendant, and that, in consequence of the force of said collision, the sliding door of said car was thrown against plaintiff's leg and broke the same, and that on the rebounding of said door, plaintiff was thrown thereby to the ground and his body bruised and contused and his chest injured; and unless the jury finds from the evidence that said injuries were so caused they will find for the defendant.

"III. With respect to the charges made by the plaintiff as his ground of action against defendant, you are instructed that the burden of proving them is upon the plaintiff, and unless the jury believe, after considering the evidence in the cause, that he has established such facts by a preponder-

ance of the testimony, that is, the testimony entitled to the greater weight, they must find for the defendant."

The defendant asked and the court refused to instruct the jury as follows:

"II. The court instructs the jury that, if they find the fact to be that plaintiff's injuries were caused by his jumping from caboose car, and that said injuries were not caused by the force of the collision between the caboose car and the switching train, then they will find for the defendant.

"IV. The court instructs the jury, that if they find that plaintiff's injuries were in part caused by his jumping from the car, they must find for the defendant as regards such injuries, and that they can only find a verdict for the plaintiff for such injuries to plaintiff as have been directly caused by the force of the collision between the caboose car and the switching train.

"V. The jury are instructed that it is improper and illegal for them to arrive at a verdict by first agreeing that each juror should set down the amount, if any, which he is in favor of awarding the plaintiff, dividing the aggregate by twelve, and stating the result as their verdict."

The verdict was for plaintiff for $20,000. The circuit court required, and plaintiff entered, a remittitur of five thousand dollars, and then the motion for a new trial was overruled, and defendant after proper steps, appealed to this court.

## I.

The first proposition that presents itself for determination arises on the instructions given and refused. The negligence pleaded in the petition is that while plaintiff was seated in the caboose, which was standing on the main track at Delta, the defendant's agents and servants ran another train against the caboose with such force that plaintiff was thrown forward by the concussion and was caught between the sliding door on the side of the caboose (which was suddenly shut by the

collision) and the door jamb, and upon the rebounding of the door, he was thrown out of the caboose onto the ground and injured. The evidence for plaintiff proceeded mainly upon this idea, although on cross-examination plaintiff stated that he was going to jump but was caught in the sliding door before he jumped. The first instruction asked by plaintiff and given by the court, conforms to the negligence charged in the petition, and predicates his right to recover upon his being injured, "in consequence of the collision of the cars," and is therefore unobjectionable.

The second instruction asked by the plaintiff and given by the court instructs the jury that if they "believe from the evidence that the collision of cars caused the sliding door at the side of the caboose to fly shut, and that plaintiff's right leg was broken by being caught between the door and the door jamb, *while he was attempting to escape from the caboose; yet, if you further find that plaintiff at that time had reasonable cause to apprehend a collision, and the danger thereof was then imminent and impending,* and further, that plaintiff exercised such degree of care as under the circumstances would reasonably be expected from one of his age and capacity, then he is entitled to recover, and your finding should be for him, *although you may be further satisfied that he would not have been injured if no attempt to escape had been made.*"

The italicized words in this instruction mark the difference between the negligence charged in the petition, and a phase of the case which the plaintiff had not pleaded as the basis of his right to recover, and direct the jury that they should find for the plaintiff if they believe the accident was caused in this unpleaded way, notwithstanding such facts, if found, necessarily disproved the negligence charged in the petition.

It is elementary and axiomatic in law that a plaintiff can not count upon one cause of action and recover upon another, notwithstanding the other would be a good cause of action if properly pleaded. Such a thing is a clear departure

from the petition.    This is particularly true, if proof of the unpleaded matter necessarily negatives the existence of the facts pleaded.    [Yarnell v. Railroad, 113 Mo. 570; Waldhier v. Railroad, 71 Mo. 514; Melvin v. Railroad, 89 Mo. 106; Woods v. Campbell, 110 Mo. 572; Price v. Railroad, 72 Mo. 414; Stanard Milling Co. v. Transit Co., 122 Mo. l. c. 277; Hite v. Railroad, 130 Mo. l. c. 136; Mason v. Railroad, 75 Mo. App. l. c. 10.]

It is furthermore the law that when a plaintiff alleges specific acts of negligence on the defendant's part, his evidence and likewise his right of recovery will be limited to the specific acts charged, and this rule obtains even where a general averment of negligence precedes the averment of specific acts of negligence in the petition.    [McManamee v. Railroad, 135 Mo. 440; Waldhier v. Railroad, 71 Mo. 514; McCarty v. Hotel Co., 144 Mo. 397.]

The negligence averred in the petition would authorize a recovery against defendant, if proved, and the plaintiff would have had a case to go to the jury upon if he had pleaded that he had reasonable cause to apprehend a collision and that the danger thereof was, and that he believed it was, imminent and impending, and that in consequence he jumped from the train and was injured, and the fact that if he had remained on the train he would not have been hurt, would not have precluded his recovery.    [Leslie v. Railroad, 88 Mo. l. c. 56; Beach on Contributory Negligence (2 Ed.), sec. 40 et seq.] But this could not authorize a recovery where the negligence averred was a collision and the proof was that the injury was received while attempting to escape from the caboose to avoid injury from an apprehended and imminent and impending collision which he believed was about to occur.    The proof of one such cause of the injury necessarily disproves the existence of the other, and, in this case, the plaintiff elected to stand upon the first cause stated, and his evidence supports that theory, yet after telling the jury in the first instruction

to find for the plaintiff if they believed the injury was received from this cause, the court told them, in the second instruction, to find for the plaintiff if they found that he was not injured from the specific acts of negligence charged but was injured in another and different manner caused by negligence the existence of which necessarily disproved the existence of the specific negligence alleged and relied on in the petition. It is therefore, clear that the circuit court erred in giving the second instruction asked by plaintiff for the reasons pointed out and for the further reason that it leaves out of consideration the element of the belief of the plaintiff in the danger being imminent and impending. [Ephland v. Railroad, 57 Mo. App. 147.] It was erroneous for the further reason that it did not properly present to the jury the question of the liability of a defendant where a passenger jumped from one of its railway cars where a collision was or seemed to be imminent, in this, that the plaintiff's act should have been measured by what a prudent person would have done in a like situation and under like circumstances. [Leslie v. Railroad, 88 Mo. l. c. 56.]

## II.

The foregoing conclusion established that it was error on the part of the circuit court to refuse the second instruction asked by defendant. This, not upon the theory that it was contributory negligence on the part of the plaintiff to jump when the danger of collision was, and he believed it was, imminent and impending, but because the plaintiff had not asserted a right to recover for injuries received by jumping from the car under such circumstances, and because if the jury believed he was injured in this way, it could not be true that he was thrown from his seat in the car by the shock of the collision, caught by the sliding door and finally thrown onto the hard ground. Such facts were admissible under the general denial to disprove the specific negligence relied on and

averred by plaintiff and not to support the plea of contributory negligence, for, as above pointed out, in reference to plaintiff's second instruction, this instruction is not properly framed to submit to the jury the question whether it was or was not contributory negligence on plaintiff's part to jump under the circumstances. [Leslie v. Railroad, *supra.*]

### III.

The jury gave the plaintiff twenty thousand dollars. The circuit court ordered a remittitur of five thousand dollars, which being entered by the plaintiff the motion for a new trial was overruled and judgment entered for fifteen thousand dollars.

It is now claimed by defendant that the verdict for twenty thousand dollars proves that it was the result of passion, prejudice or misconduct on the part of the jury, and if so, the defendant has not had a fair trial before an impartial jury, and that the remittitur ordered by the court does not remedy but rather accentuates the wrong done by the jury. It is further urged by defendant that the judgment for fifteen thousand dollars is the assessment of damages by the circuit court and not a verdict of a fair and impartial jury, which the defendant is entitled to.

This contention is based upon section 28 of article II of the Constitution of Missouri, which provides that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate," and that such right heretofore enjoyed was that issues of fact shall be found by the jury, and that the duty of the court is simply to declare the law.

This is in one sense true, but it does not express the whole truth as to the right of trial by jury "as heretofore enjoyed." The Constitution of 1865 (sec. 17, art. I) provided: "That the right of trial by jury shall remain inviolate." The same language was employed in the Constitution of 1820 (sec. 8, art. XIII). Yet construing this provision it has been

consistently held by this court, that it is the duty of trial courts to grant new trials when verdicts are not supported by the evidence, or when the verdict is arbitrary or manifestly and clearly wrong, or when an injustice has been done. [Woodfolk v. Tate, 25 Mo. 597; Lockwood v. Ins. Co., 47 Mo. 50; Price v. Evans, 49 Mo. 396; Rose v. St. Charles, 49 Mo. 509; Reid v. Insurance Co., 58 Mo. 421; Burdict v. Railroad, 123 Mo. 221.] In case the trial court believes the jury has returned a proper verdict on the issues of fact, but has assessed excessive damages, it has always been held that a remittitur could be required by the trial court, and if made, the verdict would be allowed to stand. [Loyd v. Railroad, 53 Mo. 509; Dowd v. Air Brake Co., 132 Mo. 579.] In fact under its superintending control over the circuit court (Const. sec. 3, art. VI) this court has many times set aside judgments upon verdicts which were arbitrary, or manifestly and clearly wrong, or where it plainly appeared that injustice had been done, or where the verdict was on its face, the result of passion, prejudice or misconduct on the part of the jury. [Eidemiller v. Kump, 61 Mo. 340; Whitsett v. Ransom, 79 Mo. 258; Stephens v. Macon City, 83 Mo. 345; Spohn v. Railroad, 87 Mo. 74; Garrett v. Greenwell, 92 Mo. l. c. 125; State v. Primm, 98 Mo. l. c. 373.]

So that it may now be considered settled law in this State that the trial by jury "as heretofore enjoyed," does not imply that the verdict of a jury on an issue of fact is sacred or conclusive or beyond the controlling power of the trial court or even of this court when the trial court fails to do its duty in not preventing injustice. Courts are constituted to mete out justice, and no other consideration should control their actions and no traditions or theories should be allowed to intervene to prevent the attainment of this purpose, for the duty is charged upon this court to "examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought

to have given, as to them" (this court) "shall seem agreeable to law." [Sec. 2304, R. S. 1889.]

It was formerly the practice in this court to order a remittitur when the verdict was for the right party, but the damages were deemed excessive, but of late years it has been held that in such cases this court has no power to order a remittitur, and that whenever the damages are so excessive as to strike the judicial mind as being the result of passion, prejudice or misconduct of the jury, it is its duty to reverse the judgment. [Gurley v. Railroad, 104 Mo. l. c. 233; Rodney v. Railroad, 127 Mo. l. c. 693.] It has never yet been held, however, that a circuit court has no power to order a remittitur.

Speaking for myself alone, I think the later decisions of this court are wrong. If the circuit court has power to order a remittitur, this court, having supervisory power over that court, under section 3 of article VI of the Constitution, and being charged by the statutes of the State (sec. 2304) with the duty to "reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them" (this court) "shall seem agreeable to law," has not only the power but is charged with the duty of ordering a remittitur where the verdict is for the right party but the amount awarded is excessive, to the end that there may be an end to the litigation and that the party entitled to a judgment may not be put to the expense, delay and trouble of retrying the case, perhaps, again and again, until some jury shall render a verdict which will not offend the judicial sense of right of this court and force it to hold that it was the result of passion, prejudice or misconduct. It seems clear to my mind that this new rule is not founded upon any abject submission to the constitutional right of the jury to find the facts. It is only another way of doing justice between the parties, and it seems to me it does by indirection what a remittitur does directly; that is forces a verdict which meets the judicial sense of justice under the circumstances of each case. I

object to the new rule for the further reason that it recognizes a power in the circuit court which it is denied this court possesses, yet this court has both appellate and supervisory jurisdiction over that court. In other words it makes an inferior court more powerful than its superior court—a solecism I can not agree to.

The reason for the new rule is stated in Gurley v. Railroad, 104 Mo. l.c. 233, to be "Speaking for ourselves, we think that, whenever the verdict does not upon its face appear to be the result of passion or prejudice, it is wholly within the province of the jury; but when it does so appear, then it ought to be set aside. We have no scales by which we can determine what portion is just, and the result of reason, based upon the evidence, and what part is poisoned with prejudice and passion. We do not think it within our province to assess the damages. When we set aside any part of the verdict we destroy its integrity, and we have no right to set ourselves up as triers of facts, and render another and different verdict. We think the only logical course in such cases is to let the verdict stand or set it aside as an entirety."

Practically, every time a court sets aside a verdict because the damages are so excessive as to import passion or prejudice or misconduct, it acts as a trier of the facts and reverses the judgment of the jury on a question of fact, and the same principle applies whether this is done by the trial court or by the appellate court, for the former has no better scales than the latter. The reason given, that the verdict shows on its face that it is the result of passion, prejudice or misconduct of the jury, is only a mode of expression which conveys but the one meaning that the verdict is unjust, and that, too, in respect to the finding of facts. It is too clear to admit of serious argument that while the new rule disclaims the right of this court to act as triers of the facts, it does so act every time it reverses a verdict because the damages are excessive, or else *there is no question of fact involved in the assessment of damages in actions for personal injuries*, with respect to the bulk of the

damages awarded, and hence it can not be fairly said that the court invades the prerogative of the jury in ordering a remittitur.   In such actions a plaintiff recovers actual damages for loss of time, for medical services and nurse hire, but he is also entitled to recover for physical pain and mental anguish and for impaired earning capacity, and while the former may be susceptible of proof, the latter are purely a matter of judgment, and can not be proved.   This court has the same scale with which to measure such damages that the circuit court has, and that court has the same scale that the jurors have. It is the scale of common sense and a correct appreciation of the principles of right and wrong.   The courts have the advantage of training, of experience and of precedent.   The jurors have only their native idea of justice.   The courts in one form or another ultimately force their ideas upon the case, either, as formerly, by ordering a remittitur, or, as laterly, by setting aside verdicts as evidencing passion, prejudice or misconduct, until some jury renders a verdict that harmonizes with the court's conception of what is just.   For these reasons I think the end should be reached by the most direct and speedy process known, and I favor giving the process its true name, and not concealing the purpose in the garb of phrases which can only mean that no verdict can stand until it receives the sanction of the trial court and the court that has final appellate jurisdiction in the cause.

This constrains me to say there was no error in the action of the circuit court in ordering a remittitur, and that the verdict as it was pruned down by that court, reflects the combined judgment of the jury and the circuit court on the question of damages.

## IV.

This leaves only the question of whether the damages as they now stand are so excessive that it is unjust to the defendant, for I discard the equivalent words usually employed to express that idea.

VOL. 148 mo—6

The plaintiff's injuries were serious, and the evidence tends to prove they will be permanent. They will impair but not destroy his earning capacity. He has suffered much and still suffers. There were no actual damages, in the sense of the term herein employed, proved. His former earning capacity is not clear. The damages as they now stand are large. They are a sum which at six per cent interest will yield plaintiff a perpetual income of seventy-five dollars a month, which is a sum it takes years of labor and experience to qualify an ordinary man to earn. If to this be added what his impaired capacity will still enable him to earn, it produces an assurance of a more than ordinary income. If this was a case where the judgment of the circuit court was otherwise errorless, a remittitur would be proper under the old rule, but under the law as it is now interpreted, it is a case where the verdict on its face appears to be the result of passion or prejudice (otherwise unjust) which the action of the circuit court has not cured, and the judgment should therefore be set aside.

For the foregoing reasons the judgment of the circuit court is reversed and the cause remanded. It is so ordered. All concur as to the 2nd paragraph; as to 3d paragraph BRACE, P. J., and VALLIANT, J., concur; ROBINSON, J., expresses no opinion. As to 4th paragraph BRACE, P. J., concurs; ROBINSON, J., and VALLIANT, J., express no opinion.