ELIDA G. BAILEY, Defendant in Error, v. BERTHA E. COE et vir, Plaintiffs in Error.

**Kansas City Court of Appeals, March 7, 1904.**

TRIAL PRACTICE: Motion for New Trial: New Judge: Statute. Prior to the adoption of section 2171, Revised Statutes 1889, an incoming judge's only course when called upon to pass upon a motion for a new trial filed before his predecessor, was to grant the motion, but under the section he may now pass upon said motion and sustain or overrule it as may appear proper.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Marcy K. Brown* for plaintiffs in error.

(1)   Where, from any cause, another judge than the trial judge comes to pass upon a motion for new trial, pending and undecided, a new trial should be granted.   Especially is this so, where, as in the case at bar, one of the reasons urged for a new trial, viz.: "that the verdict is against the weight of the evidence," invokes the discretionary powers of the trial court. Woolfolk v. Tate, 25 Mo. 597; Cocker v. Cocker, 56 Mo. 181; State v. Boogher, 3 Mo. App. 442; Witthouse v. Railroad, 64 Mo. 525; Mill Co. v. Sugg, 142 Mo. 368; Patterson v. Yancey, 97 Mo. App. 681. "Such conditions necessarily work a new trial, as a matter of law." Sahlien v. Gunn, 43 Mo. App. 315; Voullaire v. Voullaire, 45 Mo. 602.

*Muckle, Hayward & McLane* for defendants in error.

(1)   Judge Teasdale, as the successor of the trial judge, had authority in law to sustain or overrule the motions for new trial and in arrest.  R. S. 1889, sec. 2171; R. S. 1899, sec. 731; State ex rel. v. Perkins, 139 Mo. 106; Richardson v. Ass'n, 156 Mo. 407; State ex rel. v. Railway, 164 Mo. 208; Glaves v. Wood, 78 Mo. App. 351.  (2)  Plaintiffs in error have not set out any of the evidence introduced, nor any of the court's rulings during the trial of the cause.  In the absence of any showing of error prejudicial to the substantial rights of plaintiffs in error, upon the merits of the case, the appellate court will not interfere with the discretion of the lower court in the determination of the motion for a new trial. R. S. 1899, sec. 865; Berkson v. Railway, 144 Mo. 211; Baughman v. Fulton, 139 Mo. 557.

BROADDUS, J.—The case was tried by a jury before Hon. Roland Hughes, a member of the bar who had previously thereto been elected as special judge to hold court during the absence of Judge E. P. Gates, the regular judge.  The trial was concluded on May 8, 1902, and resulted in a verdict for plaintiff.  On the succeeding day defendants filed their motion for a new trial and in arrest of judgment.  In a few days thereafter Judge Hughes declined to further hold said court, whereupon Hon. John L. Peak was duly elected as special judge in the continued absence of Judge Gates. For some reason, however, the motions were not disposed of until January 4, 1903, when they came up for hearing before Judge W. B. Teasdale, the successor in office of Judge Gates.  Judge Teasdale overruled said motions and defendants appealed.  When the motions were being heard the transcript of the evidence was not produced by the parties.  The only error presented by the appeal is, that the court committed error in not sustaining said motion and granting defendants a new trial.  The contention of the plaintiffs in error is, therefore, that as the case was not tried before Judge Teas-

dale he had no power to pass upon the motion and that it was incumbent upon him, as a matter of law, to sustain the motions and grant a new trial.

In Cocker v. Cocker, 56 Mo. 180, the court held: "The action of a judge in overruling a motion for new trial, etc., on the ground that the case having been heard before his predecessor he was ignorant of its merits, is error." The ruling in the case of Woolfolk v. Tate, 25 Mo. 597, was approved. In the latter case the court used the following language: "It is better to allow a new trial where the court can not for any cause consider the merits of an application for that purpose than to refuse it, for denying the motion without giving the party the benefit of being heard, or of having his reasons considered, irreparable injury may be done, while, on the other hand, the prevailing party in the verdict will only suffer by delay and will generally secure another verdict if he is entitled to it." In St. Francis Mill Co. v. Sugg, 142 Mo. 364, the rule in the two cases mentioned was reaffirmed.

In the revision of 1889 the following section was made a part of the code of civil procedure: "Section 2171. In any case where the judge who heard the cause shall go out of office before signing the bill of exceptions, such bill if agreed to be true by the parties to the action or their attorneys, or shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard."

In State ex rel. v. Perkins, 139 Mo. 106, the proceeding was that of mandamus to compel Judge Perkins to pass upon the motions for new trial, etc., which had been filed during the term of Judge Crow, who had tried the cause but whose term of office had expired, and who had been succeeded by Judge Perkins. The court in construing said section held: "This statute in the light of prior practice must be regarded as a remedial one and therefore to be liberally construed with a view to effectuate its manifest purpose. Whenever a power is

granted by the statute, the grant of such power carries with it by necessary implication everything necessary to make such grant effectual." And further: "We believe that the power to sign a bill of execptions carries with it as a coincident right, the right to pass upon the motions for new trials, without which in the case at bar the power to sign a bill of exceptions would be worthless and wholly ineffectual." In Richardson v. Mercantile Ass'n, 156 Mo. 407, the court held likewise. And it was so held in Glaves v. Wood, 78 Mo. App. 351.

In State ex rel. v. Perkins, supra, Judge SHERWOOD, in referring to the case of Cocker v. Cocker and to that of Woolfolk v. Tate, ante, said: "Formerly, an incoming judge's only course, when called upon to pass upon a. motion for a new trial filed before his predecessor, but undisposed of, was to grant such motion. Since then, however, section 2171, Revised Statutes 1889, has been passed which enables an incoming judge to sign a bill of exceptions." In St. Francis Mill Co. v. Sugg, supra, the motion for a new trial was filed in the year 1880, before the passage of the section mentioned, but the motion itself was not passed upon until 1895, but it does not appear that the time of the filing of the motion had any effect upon the question decided. Nor was any reference made whatever to the case of State ex rel. v. Perkins, ante. It seems to have been overlooked. In any event, we are bound to follow it, as the latest expression of that court in Richardson v. Mercantile Ass'n, supra, adheres to it. In the latter case no reference is had whatever to the holding in St. Francis Mill Co. v. Sugg, notwithstanding the two are undeniably conflicting.

When the motion came up for hearing plaintiffs in error contended that Judge Teasdale had no right to pass upon the merits of the motion for a new trial, and insisted that he was bound to sustain it. It appears that no transcript of the evidence was before the judge; but whether or not he had availed himself of the

stenographer's notes of the trial is not shown. We do not wish to be understood that in such cases a judge although authorized to pass upon a motion for new trial may, in doing so, act blindly, for the law contemplates that he has the means of informing himself and that he must do so in order to act intelligently.

But as the plaintiffs in error make the contention alone that the judge had no right to pass upon the motion, the result is that the case should be affirmed. It is therefore so ordered. All concur.